## A. OLIVER ET AL. v. C. CARSNER.

The discretionary power vested by law in a board of school directors, regarding the levying of taxes for school purposes, when once exercised is exhausted for the year in which the levy is made ; and their successors in office cannot levy a different school tax for that year.

APPEAL from Victoria. Tried below before the Hon. T. C. Barden.

On the second of September, 1872, A. Oliver and two hundred and twenty other taxpayers of Victoria county applied for and obtained an injunction restraining Carsner, sheriff of that county, from collecting one per cent. on the assessed value of their property, for school purposes. The petition alleged that on the twenty-ninth of November, 1871, C. Carsner, C. G. Hall, J. M. Edgar, A. H. Cromwell and A. Ferrer were the directors of public schools for the county of Victoria, and as such levied a school tax of one-half of one per cent. *ad valorem*, most of which had already been collected ; that after the levy of this tax they were illegally removed from their office of school directors, and five others appointed in their stead, who proceeded to make an additional levy of one-half of one per cent. for the same year, for school purposes ; that no school houses had ever been built with the money already collected, but that the new board of directors had bought one house from Ed. S. Roberts (one of their number), which was not suited for school purposes, and that William Billings (another of the board) was attempting to sell to them a house owned by him, for two thousand dollars; that many of them had paid their school tax of one-half of one per cent., and the additional one-half per cent, last levied was being demanded by the sheriff.

The charge of the second levy of taxes made by the new

board was not denied by the answer.  The injunction was dissolved, and the cause dismissed.

*Phillips, Lackey & Stayton* and *Glass & Callender*, for appellants, contended that the school directors within the several school districts were officers, and as such were not subject to arbitrary removal.  That their discretion once exercised as to the amount of the tax, was not the subject of revision by their successors, the power to levy a tax being extinguished when once exercised.  They argued :

"The school directors are not to become the mere tools of some other official or individual—existing merely to approve such a levy as others may deem necessary.  The Constitution never contemplated such a state of affairs. In this case, because of the failure of the school directors of Victoria county to levy so high a tax as the Board of Education at Austin thought they ought to levy, they were removed, so far as that Board of Education had power to remove them, and another board of school directors for that county were appointed, who were believed to be ready to yield to the self-assumed control of this Board of Education ; and (it has become a part of the history of the country) that board issued an order to the school directors of Victoria county, and to the school directors of all other counties of the State who had levied less than one per cent. for this tax, directing and ordering them to levy the entire amount authorized by the Legislature.  The tools of this Board of Education registered their mandate, which the sheriff now seeks to enforce. Did the Constitution ever contemplate such supervision by the Board of Education, or that some other person should do that which the Constitution (it is claimed) authorized the Legislature to empower the school directors of each district to do ?  As well might it be said that a

decree entered by the clerk of this court, in opposition to the deliberate judgment of the court, but upon the mandate of the Governor, or some military officer who might be within the State, was a decree of this court."

WALKER, J.—We are of opinion that the injunction must be perpetuated in this case.

The law fixes the maximum amount of taxation for one year at one per cent. for school purposes, but it leaves it in the discretion of the school boards whether one per cent. or a less amount shall be levied. A levy was made on the taxable property of the district of one-half of one per cent. by a competent board of directors. This board of directors was succeeded by another, who virtually set aside the first levy and levied the full amount of one per cent.

We think the first levy was legal, but that the second board of directors had no such power as would enable them to set aside the former levy, under which the tax ought to have been collected. The Legislature vested in the school directors a discretionary power to levy such tax as in their judgment the public necessities required. This discretion when once exercised in fixing the amount of tax to be levied for any one year was exhausted, and the second board of directors could not revise and set aside the discretionary action of the former board.

REVERSED AND RENDERED.