[No. 1600.]

## STATE OF NEVADA, RESPONDENT, *v.* THE APRIL FOOL GOLD MINING AND MILLING COMPANY, APPELLANT.

TAXATION—ASSESSMENT—ASSESSOR—REASSESSMENT—MINES. When an assessor has regularly entered a complete record of the proceeds of a mine upon the assessment roll, and made affidavit that it is a true and correct assessment, he has no right to reassess, since his power, once exercised, is exhausted for that period.

APPEAL from the Fourth Judicial District Court, Lincoln County; *G. F. Talbot*, Judge.

Action by the State of Nevada against The April Fool Gold Mining & Milling Company. From a judgment in favor of plaintiff, defendant appeals. **Reversed.**

The facts sufficiently appear in the opinion.

*Pierce, Critchlow & Barrett*, and *T. J. Osborne*, for Appellant:

I.   Reassessments cannot be made without statutory authority. This principle is fundamental. We do not know of a case holding the contrary view. We have concluded to examine the law on this subject and respectfully invite your attention to some of the authorities. (*Perry County* v. *Railroad Co.*, 58 Ala. 561; Cooley on Taxation, 2d ed. 309; *Hubbard* v. *Garfield*, 102 Mass. 73; *Overing* v. *Foote*, 43 N. Y. 290; *Bryam* v. *Detroit*, 50 Mich. 56; *Kaehler* v. *Dobberpuhl*, 56 Wis. 480; *Trustees* v. *Guenther*, 19 Fed. Rep. 395; *People* v. *Brooklyn*, 92 N. Y. 430; *Harwood* v. *North Brookfield*, 130 Mass. 561; *Emporia* v. *Norton*, 13 Kan. 569; *Emporia* v. *Bates*, 16 Kan. 495; *Fairfield* v. *People*, 94 Ill. 244; *Scheiber* v. *Kahler*, 49 Wis. 291; *State* v. *Jersey City*, 37 N. J. Law, 39; *Davis* v. *Boston*, 129 Mass. 377; *Mattingly* v. *District of Columbia*, 97 U. S. 687; *Locke* v. *New Orleans*, 4 Wall. 172; *State* v. *Newark*, 34 N. J. Law, 236; *In re Van Antwerp*, 56 N. Y. 261; *Bass* v. *Fond du Lac County*, 60 Wis. 516; *Mills* v. *Charleston*, 29 Wis. 400.)

II.   We have made a careful examination of the laws of Nevada and do not find any authority in the statutes authorizing or permitting reassessments unless it is contained in Section 1085 of the Compiled Laws of 1900. This section,

however, only permits reassessing omitted property when the owner has refused to furnish a statement. There is no refusal in the case at bar. The plaintiff does not claim that there was a refusal to furnish the statement, but on the contrary bases the alleged tax on "the sworn statement furnished by W. J. Dooley, the secretary and agent of said company to the assessor." Furthermore, the evident purpose of Section 1085, *supra*, is to provide for the punishment of a negligent assessor.

III. The assessor is a quasi-judicial officer and his judgments are final unless appealed from in some manner provided by law. This principle is fundamental, and is supported by precedent and reason. The assessor's judgment, entered at the proper time and in the proper manner, that is, "between the first Monday in October and the first Monday in November," 1898 (Comp. Laws, 1149), and "on the roll of the proceeds of the mines for the preceding quarter" (Comp. Laws, 1156), conclusively shows that the defendant produced no taxable net proceeds in the quarter ending September 30, 1898. The state was satisfied with this judgment. It did not appeal to the board of equalization. In support of the foregoing propositions we cite the following cases and authorities: Cooley on Taxation, 2d ed. 788; *Weaver* v. *Davendorf*, 3 Denio, 119; *Western Railroad Co.* v. *Nolan*, 48 N. Y. 513; *San José Gas Co.* v. *January*, 57 Cal. 616; *Ballerino* v. *Mason*, 83 Cal. 447; *Bailey* v. *Berkey*, 81 Fed. 737; *Taylor* v. *Robertson*, 52 Pac. 1.

IV. That the duties of assessors, in estimating the value of property for purposes of general taxation, are judicial, see the following cases: *Barhyte* v. *Shepherd*, 35 N. Y. 238, 250; *Hassan* v. *Rochester*, 67 N. Y. 528, 536; *Stuart* v. *Palmer*, 74 N. Y. 183, 30 Am. Rep. 289; *Williams* v. *Weaver*, 75 N. Y. 30, 33; Burroughs, Taxn. 102; *Jordan* v. *Hyatt*, 3 Barb. 275; *Ireland* v. *Rochester*, 51 Barb. 416, 430, 431; *State* v. *Jersey City*, 21 N. J. L. 662; *State* v. *Morristown*, 34 N. J. L. 445; *Griffin* v. *Mixon*, 38 Miss. 424, 437, 438; *State* v. *Wood*, 110 Ind. 83; *Kuntz* v. *Sumption*, 2 L. R. A. 655, 117 Ind. 1; *Hyland* v. *Brazil Block Coal Co.*, 128 Ind. 335; *Garrigus* v. *State*, 93 Ind. 239, 1 High, Inj. 493, Mechem, Pub. Off. & Officers, 616; *Shoultz* v. *McPheeters*, 79 Ind. 378; *Steele* v.

*Dunham*, 26 Wis. 393; *South Nashville St. R. Co.* v. *Morrow*, 2 L. R. A. 853, 87 Tenn. 406; *Van Steenbergh* v. *Bigelow*, 3 Wend. 43; *Martin* v. *Mott*, 25 U. S., 12 Wheat. 31, 6 L. Ed. 541; *Jenkins* v. *Waldron*, 11 Johns. 121, 6 Am. Dec. 359; *Kendall* v. *Stokes*, 44 U. S., 3 How. 98, 11 L. Ed. 512; *Porter* v. *Haight*, 45 Cal. 637.

*William Woodburn*, Attorney-General, and *F. R. McNamee*, for Respondent:

. I.   The appellant herein and defendant in the lower court never in any way denied the taxes being due for the quarter ending September 30, 1898, but claims that the action of the assessor in making a subsequent assessment (assuming that there was a prior assessment) was absolutely void, and that the assessor had no jurisdiction for the reason that the statutes of Nevada do not provide any express terms for reassessment, or second assessment.   A second assessment (assuming that there was a first assessment) or reassessment can be made, and the time in which to make the same is merely directory, unless the taxpayer has been injured thereby.   (*State* v. *Northern Belle M. Co.*, 15 Nev. 386; see also Vol. 25, Ency. of Law, p. 447, and notes.)

II.   Were it otherwise, the assessment made by the assessor on the 21st day of April, 1900, would be valid, for it is shown from the evidence and undisputed, that the assessor, either intentionally or under an implied agreement with appellant or defendant, made an under-valuation and an under-assessment of the net proceeds of appellant's mine for the quarter ending September 30, 1898, and this being the case the first assessment, if an assessment at all, is invalid and totally void.   (25 Ency. of Law, 227, and note 5.)

By the Court, BELKNAP, J.:

This is a suit for delinquent taxes upon the proceeds of defendant's mines for the quarter year ending September 30, 1898.

At the trial it was shown that the assessment was made upon the 21st day of April, 1900.   Theretofore, and between the first day of October and November, 1898, defendant had furnished the assessor with a verified statement showing the

gross yield of the mines and the expenses to be deducted therefrom, that the expenses, as so shown, exceeded the gross yield, and that there were no taxable proceeds to be assessed. The assessor entered the figures given by defendant's statement in appropriate columns in the quarterly assessment roll of the proceeds of mines of Lincoln county for the quarter ending September 30, 1898, and made his affidavit thereunder to the effect that it was a true and correct assessment of the proceeds of mines, etc., for the quarter ending September 30, 1898. Following this the county auditor certified that he had extended the tax on the above-mentioned roll, and that he had compared the same with the original statement of the assessor, and that it was correct.

No legal objection is taken to these acts of the assessor and auditor, but it is claimed that the assessor had power to reassess, and *State* v. *Northern Belle Mill & Mining Co.*, 15 Nev. 386, is cited as an authority supporting this view. In that case the assessor had made an irregular and insufficient assessment, failing to show the cost of extracting, transporting, and reducing the ore, and afforded no means for ascertaining the net proceeds. The second assessment was according to the form prescribed by the statute, and upon the facts shown it was held valid.

The authority of that decision is supported by *Himmelmann* v. *Cofran*, 36 Cal. 411, and other cases. But the case does not go to the extent of sanctioning reassessments of property already regularly assessed.

It is a general rule that, when the legislature confers a power upon an officer, and he acts under it, the power is exhausted for that period of time, unless the statute authorizes its subsequent exercise.

In *Oliver et al.* v. *Carsner*, 39 Tex. 396, it was held under a statute vesting discretionary power in a board of school directors regarding the levying of a tax for school purposes, in which the maximum rate was one per cent, and the board had fixed the rate of one-half of one per cent, a succeeding board during the same fiscal year could not virtually set aside the first levy, and levy a tax for the full amount of one per cent, for the reason that the power, once exercised, was exhausted for that period. (*St. Louis B. & T. R. Co.* v. *People*,

127 Ill. 627, 21 N. E. 348; *State* v. *Van Every*, 75 Mo. 530; *People* v. *Supervisors of Town of Waynesville*, 88 Ill. 469; 25 Am. & Eng. Enc. Law, 193.)

When the assessor, by the assessment roll, determined that defendant was not liable for a tax for the quarter year ending September 30, 1898, his power was exhausted, and his subsequent reassessment was without authority, and void.

Judgment reversed, and cause remanded.