Case 26.—ACTION BY CLARA D. BELL'S TRUSTEE AGAINST THE CITY OF LEXINGTON TO ENJOIN THE COLLECTION OF DELINQUENT RETROSPECTIVE TAX ASSESSMENT, —March 22.

## Bell's Trustee v. City of Lexington.

Appeal from Fayette Circuit Court.

Watts Parker, Circuit Judge.

From the judgment plaintiff appeals.    Affirmed.

Taxation—Injunction—Burden of Proof—Retrospective Assessment—Listing Property—Duty of Taxpayer—Omitted Property—Notice—City Ordinance—Validity—Rule of Equity.

1. Taxation—Injunction—Burden of Proof—Retrospective Assessment—When one comes into equity to enjoin the collection of a tax which has been officially ascertained to be due by the assessor or by the retrospective assessor, the burden of proof is upon the plaintiffs, and to do this he is required to allege and prove, if controverted, every fact, whether it be

negative or affirmative, necessary to show the invalidity of the tax assailed.

2. Listing Property—Duty of Taxpayer—Omitted Property—It is incumbent on the taxpayer in listing his property for taxation to make, under oath, a full and fair disclosure, by items, of all his property subject to taxation, and if he does this and the assessor places a valuation on it that is too low, the city or State is bound by it; but if he fails to do this, and gives its valuation in a lump without being sworn and without disclosing the items, to the extent that the property is thereby underestimated, it is omitted property in the meaning of the law, and the negligence of the officer in not requiring such disclosure will not avail the delinquent taxpayer.

3. Notice—In an action to enjoin the collection of a tax made by an officer who is required to make retrospective assessments, it is not incumbent on such officer to show that he has given notice to the taxpayer of the assessment. As the law presumes the officer did his duty, if such notice was necessary, it will be presumed to have been given.

4. Validity of Assessment—City Ordinance—Assuming that the city ordinance establishing a back-tax collector is valid, there is nothing in the ordinance which indicates that he shall be more than an additional aid to the regular assessor, whose duty it is to retrospectively assess omitted property, just as it is made the duty of the sheriff and auditor's agent to look up and have assessed omitted property for State taxation.

5. The Rule of Equity—The rule is that when one comes into equity asking relief against taxation, it is incumbent on him to show clearly that he has paid, or is willing to pay, all that he justly owes toward the public burden; he must make a full, fair and complete disclosure of the property he has, or that his ward has, subject to taxation, so that the court may judge whether he is unjustly taxed; he must come not only with clean but open hands.

J. D. & J. R. HUNT, BRECKINRIDGE & SHELBY and BRONSTON & ALLEN for appellant.


SUMMARY.

1. An assessment made without notice, and without any opportunity to be heard is void. (Hagar v. Reclamation District No. 8, 111 U. S., 709; Spencer v. Merchant, 125 U. S., 355; Palmer v. McMahon, 133 U. S., 669; Walston v. Nevin, 128 U. S., 578; Pittsburg Railway Co. v. Backus, 154 U. S., 426; Winnoa & St. Peter Land Co. v. Minnesota, 159 U. S., 537; McMillan v. Anderson, 95 U. S., 37; Davidson v. New Orleans, 96 U. S., 97; Lent v. Tillson,

Bell's Trustee v. City of Lexington.

140 U. S., 316; Cooley on Taxation [2d Ed.], pages 362 and 363; Slaughter v. City of Louisville, 89 Ky., 123; Bruce v. Vanceburg, 18 Ky. Law Rep., 35; Turner v. Town of Pewee Valley, 18 Ky. Law Rep., 757; Davidson v. Sterrett, 13 Ky. Law Rep., 176; Adams v. Tonella, 70 Miss., 701; s. c., 22 L. R. A., 346; Ky. Stats., 3179 to 3189.)

2. An assessment made without giving any proper description of the omitted property renders the assessment invalid.

3. The additional assessments made are invalid, because no proper record was made of any of them.

4. The record does not warrant the conclusion that any property subject to taxation has been omitted from previous assessments, except the admitted tangible property for the year 1897. (Stanley v. Supervisors of Albany, 121 U. S., 550; Odd Fellows' Hall Association v. City of Dayton, 25 Ky. Law Rep., 665; Ward v. Beale, 91 Ky., 65; Muir's Committee v. Commonwealth, 14 Ky. Law Rep., 478; Henderson Bridge Co. v. Commonwealth, 17 Ky. Law Rep., 389; Royal Wheel Company v. Taylor County, 20 Ky. Law Rep., 905; Cooley on Taxation, p. 730; Adams v. Tonella, 70 Miss., 701; Coulter, Auditor v. Louisville Bridge Co., 24 Ky. Law Rep., 809.)

5. The exceptions to the appellee's proof should have been sustained.

6. The judgments rendered for taxes for 1894, 1895, 1896, 1897 and 1898 are erroneous, and unsupported by any proof.

7. An assessment made by an improper officer is void. (Bruce v. Vanceburg, 18 Ky. Law Rep., 35.)

The judgment and order of sale are erroneous, because there is no allegation in the answer, set-off and counterclaim that the city of Lexington ever at any time made a levy for taxes for the years sued on, if so, what levy was made?

ADDITIONAL POINTS AND AUTHORITIES BY APPELLANTS.

1. The burden of proof is upon the city to show an omission of property. (Commonwealth v. Higgins' Trustee, decided Nov. 4, 1904, and not yet reported.)

2. An assessment without notice is void. (Town of Springfield v. People's Deposit Bank, 23 Ky. Law Rep., 519; Meyers v. Shields, County Treasurer, 61 Fed. Rep., 713; Railroad Tax Cases, 13 Fed. Rep., 722, 750; sec. 3188, Ky. Statutes.)

3. The valuation of the assessor in the original assessment is conclusive. (Citizens National Bank v. Commonwealth, 25 Ky. Law Rep., 2256; City of Covington v. Shinkle, 25 Ky. Law Rep., 73.)

4. Allegations of value not accompanied by an express promise to pay, or a statement of facts showing an implied promise, must

Bell's Trustee v. City of Lexington.

be proved, though not traversed. (Sec. 126, sub-sec. 4 of the Civil Code.)

MORTON & DARNELL, GEO. A. SHANKLIN and GEO. C. WEBB for appellee.

### PROPOSITIONS AND AUTHORITIES CITED.

1. Every material allegation in a pleading must be admitted and taken for true unless specifically controverted. (Code of Practice, sec. 126; Pomeroy on Code Remedies, p. 623.)

2. The tax payer must submit to the assessor a true and complete list of all property in its possession, and the true cash value thereof. (Ky. Stats., sec. 3179.)

3. In assessing omitted property the Commonwealth, or taxing power, is not required to give items and detailed description of the property, as the tax payer is. (Commonwealth v. Collins, 24 Ky. Law Rep., 2044; Reynolds v. Bowen, 36 N. E. Rep., 756.)

4. The record of the settlements made by the trustee in the county court is competent evidence an admissions against the trustee of the property in its hands. (Gager v. Prout, 48 Ohio, 111.)

5. The general council of cities of the second class can create no new offices not contemplated by the charter. (Lowry v. City of Lexington, 113 Ky., 763.)

6. Under the law in Kentucky the assessment of property is a ministerial and not a judicial act. (Baldwin v. Shine, 84 Ky., 513; Slaughter v. City of Louisville, 89 Ky., 123.)

7. The expression "due process of law" is found in the Constitution, and does not apply to proceedings for the collection of taxes in the same way as it does to judicial proceedings. (Cincinnati, N. O. & T. P. R. R. Co. v. Commonwealth, 81 Ky., 495, 513; Same case, 115 U. S., 321.)

8. A clerical misprision can be corrected upon motion in the lower court, and will not be considered by the Court of Appeals until such motion in the lower court has been made. (Ky. Code, sec. 518, sub-sec. 3; Oldham v. Brannon, 2 Met., 304; Dodd v. Combs, 3 Met., 29; Clerk v. Finnell, 16 B. Monroe, 329; Johnson v. Bank, 2 Duv., 521; Wilson v. Barnes, 13 Monroe, 330.)

9. A party who seeks the aid of equity against the payment of a tax must come with clean hands, and if he owes any taxes the court will compel the payment of it. (Clark v. Louisville Water Company, 90 Ky., 524; Reynolds v. Bowen, 36 N. E. Rep., 756.)

10. Statutes and proceedings for the actual collection of taxes are not to be construed strictly against the taxing power. (City of Lexington v. Woolfolk, 25 Ky. Law Rep., 1820.)

OPINION BY JUDGE BARKER—Affirming.

This action was instituted in the Fayette Circuit Court for an injunction restraining the delinquent tax collector of the city of Lexington from collecting tax bills in his hands, amounting in the aggregate to $13,-964.96, against the property of Clara D. Bell, held in trust by the appellant corporation. The origin of this claim is in the retrospective assessment by the city assessor of a part of the trust property for the years 1894, 1895, 1896, 1897 and 1898. For these years the assessor retrospectively assessed the estate as omitted property for the following values: For 1894, $217,162; for 1895, $211,104; for 1896, $226,834; for 1897, $238,925, and for 1898, $214,582. By applying the tax rates for the given years to these various values of omitted property, the aggregate claim of the city for back taxes—$13,964.96—was reached. Appellant substantially alleges as grounds for equitable interference in its behalf: First, that for the years for which the officer retrospectively assessed the property in question it had given in all of the estate of its cestui que trust, and the whole having been once assessed, could not be re-assessed as omitted property; second, that it was not given notice of the retrospective assessment, and was thereby deprived of the opportunity either to show that the property was not liable to retrospective assessment at all, or if so, the values placed upon it by the assessor were too high; third, that by ordinance of the city of Lexington there had been created a back-tax assessor, who superseded, in matters of retrospective assessment, the assessor, and the latter was without authority to make the assessments complained of; fourth, that under the statute regulating the matter the delinquent tax collector could only sell the tax bills at public auction, but not enforce their collection by levy or distraint. The defendants below, who are now appellees, by their answer placed

in issue all of the material allegations of the petition, and then affirmatively alleged the retrospective assessments before mentioned, and the consequent claim of the city for back taxes evidenced by the tax bills in the hands of the officer, and prayed for the dismissal of the petition, and a judgment over for the amount of the city's claim. A reply and rejoinder were filed, and the issues made up on the lines indicated. Upon final hearing the court reduced the amount of the assessments for each year as follows: For the year 1894 he ascertained the omitted trust property assessable for taxation to be $123,799, for the year 1895, $116,-176, for the year 1896, $136,057, for the year 1897, $134,996, and for the year 1898, $176,716. At the tax rates for the respective years there was found to be due the city as unpaid taxes the sum of $8,626, for which judgment was entered. This judgment appellant now seeks to reverse.

The first question with which we are confronted is, upon whom was the burden of proof in the action? Appellant urgently insists that it was incumbent upon the city to allege and prove every essential fact necessary to make out the validity of its tax claim. This position is untenable. It is true the presumption will be indulged as an original proposition that the regular assessments for the years in question were valid, and that the officers making them performed their duty; but this presumption, when the officer under the authority of law and his oath of office makes a retrospective assessment, will be overcome and replaced by the new presumption that in making the retrospective assessment he also did his duty. It was as much the duty of those having the matter in charge to make retrospective assessment of omitted property as to make the regular assessment; and the same presumption of regularity and validity will attend the

latter official acts as attended the first. The burden of proof, therefore, when one comes into equity to enjoin the collection of a tax, which has been officially ascertained to be due, is upon the plaintiff to make out his whole case, and to do this he is required to allege and prove, if controverted, every fact, whether it be negative or affirmative, necessary to show the invalidity of the tax assailed. The very question we have here arose in Board of Councilmen of Frankfort v. Mason & Ford Co., 100 Ky., 48, 18 Ky. Law Rep., 543, 37 S. W., 290. Upon the point in hand it was said: "It is insisted by counsel for appellee that in this proceeding to enjoin the collection of tax the burden is on the city to show that the property on which it is sought to collect tax was omitted from the assessment. To sustain this contention cases are cited wherein proceedings had been instituted to compel the assessment of property omitted in previous assessments, or when direct proceedings were instituted to enforce the collection of taxes. In a proceeding in the county court to have property assessed which it is claimed was omitted from previous assessments by the authorities whose duty it was to assess it, the court very properly held that in such proceeding the burden was on those complaining to show that the taxpayer owned property subject to taxation which had been omitted in assessments. Likewise this court has repeatedly held that in actions to collect tax the plaintiff must show that the law authorizing the levy and assessment has been strictly complied with. This is a collateral proceeding. Proper authority made the levy and assessment. That levy and assessment is assailed. The presumption should be indulged that the assessment is correct until the plaintiff shows that it was improperly made, or that it was not the owner of the property, or that, if it was, the same was not liable for the taxes in ques-

tion." (Judson on Taxation, sec. 550.) The regular assessments for the years involved in this litigation were made by the appellant giving in a lump as the value of the personalty subject to taxation owned by the cestui que trust. These returns, although upon the blanks furnished by the assessor, were not sworn to as by law required, nor were the various items which made up the sum total given. Appellant, in making ·these annual returns for assessment, gave in the following. For the year 1894: "Valuation under the equalization law, $294,000." For the year 1895: "Amount of bonds, $300,000; notes secured by mortgage, $2,700." For the year 1896: "Amount of bonds, notes, mortgages, or other securities, $300,000." For the year 1897: "Amount of bonds, notes, mortgages and other securities, $303,000." For the year 1898: "Amount of bonds, notes, mortgages and other securities, $280,-000." These figures were accepted by the assessor as correct. It does not appear of what items. the aggregate values were composed. The assessor could not have made any valuation of them himself, and therefore, there was no assessment of what was omitted. If appellant had submitted to the assessor the various bonds, mortgages, notes and other securities which go to make up the aggregate values given in, and the officer, after surveying the whole, had assessed it for less than its real value, the city would have been bound by the valuation, and no reassessment would have been permitted as omitted property. But that is not the case here. The officer simply accepted the return made by the appellant without knowing what property went into the valuation. It was incumbent upon the appellant to make a fair and full disclosure by items of all the property subject to taxation it held in trust for Clara D. Bell, and it in no wise discharged its duty to the city by im-

·posing upon the officer an aggregate valuation without the items of which it consisted, and without being sworn to as by law required. The officer, too, neglected his duty in accepting the illegal return; but his laches can not avail the appellant.

The claim of a want of proper notice of the retrospective assessment has already been largely disposed of in what we said as to the burden of proof. It was necessary (assuming that notice was vital) for appellant to allege, and, if denied, prove, a want of notice of the retrospective assessments by the officer. While this would involve the proving a negative, which is contrary to the general rule, yet this is necessary in cases such as this under discussion. As the law presumes that the officers having the matter in charge did their duty, if notice was necessary it will be presumed to have been given. (Greenleaf on Evidence, sec. 78; Brandt v. Hyatt, &c., 7 Bush, 303; Brown v. Young, 2 B. Mon., 26.) In the latter case the court cited the ancient case of Monk v. Butler, 1 Rol. Rep., 83, and said: "That was a suit for tythes, in which the defendant pleaded the plaintiff had not read the thirty-nine articles, and it was held, both in the Spiritual Court and the Court of King's Bench, upon a motion for a prohibition, that the defendant was bound to prove it, 'for the law will presume that the parson had read the articles, for otherwise he would lose his benefice; and when the law presumes the affirmative, then the negative must be proved.' " And also: "In the case of Williams v. The East Ind. Com., the rule was applied with the effect of requiring the plaintiff to prove that the defendants had not given notice of the combustible nature of certain oil, etc., which they had put on board the plaintiff's ship." While appellant in this case did not show that it had not received notice of the re-assessment, we

think the appellees established that it did have notice, although it was not necessary for them to have done so. This record shows that appellant relied upon the technical defense that the regularity of the assessment made by the officer could not be inquired into, or any property of its cestui que trust re-assessed, and had no intention whatever of recognizing the right of the assessor to re-assess any of its property as omitted.

Assuming, for the purposes of this case, that the ordinance establishing a back-tax collector is valid, we do not think this officer displaces the regular assessor, or makes it less the duty of the latter to retrospectively assess omitted property. Sec. 3179 of the Ky. Stats. of 1903 (cities of the second class), among other things, provides: ''Whenever the assessor ascertains that there has, in any former year or years, been any property omitted which should have been assessed, he shall assess the same against the person who should have been assessed with it, if living, if not, against his representative.'' There is nothing in the ordinance which indicates that the back-tax collector shall be more than an additional aid in looking up and assessing omitted property, just as it is made the duty of both the sheriff and auditor's agent to look up and have assessed omitted property for State taxation.

The claim by appellant that the city only had authority to sell the tax bills involved here is evidently based upon a misreading of sec. 3187 of the Ky. Stats. of 1903 (charters of cities of second class), which provides that the tax bills against real property shall be sold at public auction, but the bills for taxes on personalty shall be collected by distraint, etc.

We attach no importance to the formal visit of delinquent tax collector, O'Mahoney, and the then county attorney, Allen, to the place of business of appellant, or the exhibition of the property of the trust estate made

to them.  Whether these officials were or were not satisfied, by the showing made, that all the property of the estate had been listed at the regular assessment, may be set aside as immaterial.  The real question is, was all of the property so listed?  If not, then it should have been and it was the duty of the assessor, when he ascertained the omission, to remedy the error by retrospective assessment.

The claim of appellant to escape a retrospective assessment of the property of its cestui que trust in this case is wholly technical.  That it owes the tax it seeks to evade is made apparent by an examination of this record.  Although it had in its hands the means of instantly and most conclusively showing either that the trust estate did not own the property with which it was assessed, or that the values were too high, it introduced no evidence whatever on this subject.  While it was not incumbent upon the appellees to introduce any evidence, being authorized under the principles herein enunciated to await the evidence of appellant showing the invalidity of the assessment complained of, yet they did introduce evidence which we think clearly establishes that appellant justly owes the amount of the tax which has been adjudged against the estate of its cestui que trust.  Equity does not favor mere technical defenses to the collection of tax claims.  Taxes are the very life blood of the government.  The duty of paying a ratable share of this public burden is incumbent on every property holder.  Whatever just part of this common burden is shirked by him whose duty it is to bear it, is necessarily cast as an additional burden upon other shoulders; and therefore, while at law one may sometimes be permitted to interpose mere irregularities as a defense to the imposition of taxes, when he asks the aid of the

extraordinary power of the chancellor he should show, as a condition precedent to receiving it, that he has a meritorious defense to the tax claim he assails. The Supreme Court of Indiana in the city of Delphi v. Bowen, 61 Ind., 33, thus states the rule: "A complaint to enjoin the collection of taxes must show that the assessment is illegal and void. Irregularities in the assessment, which do not render it illegal and void, are not sufficient to maintain an injunction. When a portion of the taxes assessed is valid, and another portion void, the plaintiff must pay or tender the valid portion, before he is entitled to equitable relief. These principles may be regarded as settled." And in Jones, Auditor of Benton County v. Sumner, 27 Ind., 511, it was said: "But when he appeals to a court of equity, and invokes its extraordinary writ of injunction, he must rely upon some substantial equity, and can not avail himself of naked irregularities, or the neglect of mere forms, to shield himself from a liability confessed to be just. It would be difficult to imagine a case more utterly barren of equity than this, if this answer be true. He committed serious errors in his lists, which in conscience, and as a good citizen, he ought voluntarily, to have corrected, but did not. They were corrected, and now he asks to be secured in an advantage as the fruit of his own blunder, merely because the correction, though just, was directed by the wrong authority, and without notice to him. The writ of injunction can not issue for such a purpose without disregarding both principle and authority." To the same effect is Reynolds v. Bowen (Ind. Sup.) 36 N. E., 756. In the case of the City of Louisville v. Board of Trade, 90 Ky., 409, 12 Ky. Law Rep., 397, 14 S. W., 408, 9 L. R. A., 629, the court, through Judge Holt, in speaking of enjoining the collection of taxes, said: "This being so,

it was the duty of the party asking relief to definitely point out the extent to which he was entitled to be relieved. If he seeks equity, he must do equity. He must show his willingness to pay what he in fact owes, or at least in a case like this he must show to the court how much he in fact does not owe. He must, inasmuch as an injunction is peculiarly an equitable remedy, separate the just from the unjust portion of the claim, and ask relief only as to the latter. This the appellee has failed to do, and the judgment is reversed, with directions to dismiss the petition.'' The rule, then, is, when one comes into equity asking for relief against taxation, it is incumbent upon him to show clearly that he has paid or is willing to pay all that he justly owes toward the public burden. He must make a full, fair and complete disclosure of the property he has subject to taxation, so that the court may judge as to whether or not he is unjustly taxed. He must come, not only with clean, but with open hands.

Upon the whole case, we are of opinion that no injustice has been done appellant, and the judgment is affirmed.

Petition for rehearing by appellant overruled.