## City of Georgetown v. Graves' Administrator.

(Decided September 22, 1915.)

## Appeal from Scott Circuit Court.

1. Taxation—Omitted Property—Burden of Proof.—In a suit by a city to recover taxes on omitted property for certain years, it has the burden of showing that the property was omitted.

2. Taxation—Omitted Property—Suit to Recover—Evidence.—Where a party is assessed with notes and bonds in a lump sum and the particular notes and bonds are not specified or described in any manner whatsoever, a case of omitted property is not made out by merely showing that the taxpayer, in fact, owned notes and bonds of a greater value than that fixed in the assessment, for, notwithstanding such proof, the case may be one of undervaluation, in the first instance, rather than of property omitted from assessment.

3. Taxation—Assessment—Omitted Property.—Where property has been once finally assessed, it cannot be again assessed as omitted property, even though its value be placed too low.

B. M. LEE for appellant.

JAS. F. ASKEW and J. C. B. SEBREE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-MISSIONER.—Affirming.

This is a suit by the City of Georgetown against George T. Graves' Administrator, to recover certain taxes on personalty, cash, notes, bonds and mortgages, alleged to have been omitted from assessment for the years 1908, 1909 and 1910. The trial court directed a verdict in favor of the defendant. Judgment was rendered accordingly, and the city appeals.

It appears that the City of Georgetown brought suit on January 26th, 1910, against George T. Graves for taxes based on an assessment made by the council on January 21st, 1910, on $60,000 worth of personalty, cash, notes, bonds and mortgages as follows:

For year 1905 _____$661.50
For year 1906 _____ 660.50
For year 1907 _____ 661.70
For year 1908 _____ 699.00
For year 1909 _____ 751.50

Graves defended on the ground that he was not a resident of the City of Georgetown. Graves died in March,

1910. On April 21st, 1911, the city filed an amended petition, making Graves' administrator a party and also setting up an assessment on $60,000 worth of personal property for the year 1910, on which it sought to recover taxes amounting to $751.50. This amended petition, after stating that George T. Graves was a resident of the City of Georgetown on April 1st, 1910, contains the following averment:

" * * *, and owned property consisting of money, notes and securities of the value of at least $150,000, and that he was regularly assessed with the sum of $60,000, at the rate of $1.25 on each $100 of taxable property and $1.50 as poll tax."

A trial resulted in a verdict for the city in the sum of $2,163.50 for taxes for the years 1908, 1909 and 1910. This judgment was satisfied. Thereafter this suit was brought to recover taxes on $52,500 worth of personalty, cash, notes, bonds and mortgages for the years 1908, 1909, and 1910, which it is alleged were omitted from assessment for those years. The defendant in this action interposed the former judgment as a bar to the city's right to recover in this action. This contention was upheld by the trial court.

This is not a case where the taxpayer, after failing to make a fair disclosure of his property, comes into equity asking for relief against taxation on omitted property. In such a case he must make a full, fair and complete disclosure of his property subject to taxation. He must show clearly that he has paid, or is willing to pay, all that he justly owes towards the public burden. "He must come, not only with clean, but with open hands." Bell's Trustee v. City of Lexington, 120 Ky., 199. In this case no return was made by the taxpayer, for the reason he believed that he was not a resident of the City of Georgetown. Thereupon, the council assessed him with notes secured by mortgage and unsecured notes, bonds and other personal property of the value of $60,-000, for the years 1908, 1909 and 1910. Suit was brought on these assessments and judgment entered in favor of the city. Some time later, this action was brought to recover taxes on $52,500 in cash, notes, bonds and mortgages, which it is alleged were omitted from assessment for the four said years. The proof tends to show that the decedent owned notes of the value of $112,500 instead of $60.000. In its original assessment the council did not specify or describe in any manner the notes, bonds or

mortgages which it assessed, but made the assessment in a lump sum. The omitted assessments, on which it is now sought to recover, were made in the same way. In a suit by a taxing authority to recover taxes on property alleged to have been omitted from assessment, it assumes the burden of showing that the property was omitted. Here the amended petition alleges that George T. Graves was the owner of $150,000 worth of property and that this amount of property was assessed at $60,000. From this it would appear that the city, with knowledge that the taxpayer's property was worth $150,000, assessed it at $60,000. However this may be, it is certain that no one can tell, with any degree of certainty, what items of personal property were taken into consideration by the council in fixing the assessment. Where a party is assessed with notes and bonds in a lump sum, and the particular notes and bonds are not specified or described in any manner whatsoever, a case of omitted property is not made out by merely showing that the taxpayer, in fact, owned notes and bonds of a greater value than that fixed by the assessment, for, notwithstanding such proof, the case may be one of undervaluation, in the first instance, rather than of property omitted from assessment. And where the facts are as consistent with the theory of undervaluation as with the theory of omitted property, the burden of showing that the property was omitted is not sustained. Were the rule otherwise, successive suits to recover taxes on property alleged to have been omitted might be brought and recovery had in every case of undervaluation, even though the taxing authorities took into consideration every item of property owned by the taxpayer. Such is not the rule, however, for it is well settled that when property has been once finally assessed it cannot be again assessed, even though its value be placed too low. Commonwealth of Kentucky v. J. M. Robinson, Norton & Company, 146 Ky., 218. In our opinion, the city failed to show that the property, on which it now seeks to collect taxes for the same years, was omitted from assessment for those years. That being true, the trial court properly directed a verdict in favor of the defendant.

Judgment affirmed.