MARY H. TAYLOR, Executrix of John Baker Taylor, v. STATE TAX COMMISSIONER.

(*February* 10, 1943.)

LAYTON, C. J., RODNEY and TERRY, J. J., sitting.

*Caleb R. Layton, 3d,* for appellant.

*H. Eugene Savery* for respondent.

Superior Court for New Castle County, No. 194, May Term, 1942.

RODNEY, J., delivering the opinion of the Court:

To us it seems that the question as to whether the provisions of the Statute are of mandatory or directory nature is not the primary matter for our determination, but such matter is only incidentally involved.

It is quite apparent that the additional assessment might involve two separate and distinct questions, as follows:

(1)    A re-assessment or increased assessment on certain shares of stock originally assessed by the Tax Department and the original valuation acquiesced in by all parties, and the tax paid, such increased assessment being made almost nineteen months after the original assessment.

(2)    An assessment made on property omitted by the Executrix from an inventory executed and filed by the Executrix and sworn to by her as correct, and no tax having heretofore been paid upon the property included in the additional assessment.

This latter question, while involved in the later assess-

ment, is subject to legal principles which are entirely distinct and dissimilar from those governing the former question. This latter question of a new assessment on items omitted by the Executrix, not having been mentioned or discussed in the elaborate briefs filed in the cause, it will not be considered by us. We shall confine our consideration to the right of the Tax Commissioner to make a re-assessment of the value of stock some nineteen months after an original valid assessment, which had been concurred in and paid by the taxable.

■ It seems to be uniformly the law that when an assessing board has once made an assessment which is acquiesced in and the tax paid, that such board has no power to make a further assessment based entirely on undervaluation, unless the statute gives such power, which the present statute does not do. *3 Cooley on Taxation,* § 1077; *City of Georgetown v. Graves' Adm'r,* 165 Ky. 676, 178 S. W. 1035; 61 C. J. 653.

This is especially true where the original assessment was entirely valid. *Inglee v. Bosworth,* 5 Pick. (Mass.) 498, 16 Am. Dec. 419; *Inhabitants of Oakham v. Hall,* 112 Mass. 535; *Prairie Oil & Gas Co. v. Cruce,* 45 Okl. 774, 147 P. 152; *Com. v. Freedley's Ex'rs,* 21 Pa. 33.

In *Com. v. Freedley's Ex'rs,* 21 Pa. 33, and in *re Bruce's Estate,* (Sur. Ct.) 59 N. Y. S. 1083, assessments were made on property for inheritance tax purposes. After the assessments were made and concurred in the properties were sold by the taxables at prices exceeding those of the tax assessments. Re-assessments, based on original undervaluation were made, and in both cases the re-assessments were held invalid. In the cited cases the increased values over the assessments were shown by actual sales. Assuredly there is less warrant for an increased valuation on re-assessment which, in this case is concededly based solely upon the view of another taxing authority, if not, indeed, upon a compro-

mise between the latter official and the taxable. If the Federal assessment, made many months after the Delaware assessment had been closed by payment, had been materially less than the Delaware assessment, it is quite inconceivable that the Delaware Tax Commissioner would have felt bound thereby.

In the present case the stock was appraised or assessed for tax purposes by the Tax Department, on June 2, 1939. If the taxable had been dissatisfied with the assessment of tax, an appeal within thirty days was authorized by the Statute. By the Statute the tax was due and payable within thirty days after the amount had been determined by the Tax Commissioner. No appeal was made, but the tax was paid.

For all that appears from the records and briefs of argument, the Tax Commissioner, when he made the original appraisement of the stock, had full and free opportunity to make a correct valuation. There is no suggestion that there was any misrepresentation or concealment of material particulars, and it must be assumed that the Commissioner had knowledge of all facts necessary for a correct determination of value in accordance with some rule or formula thought by him to be equitable and just. It appears that the United States proceeded on some different theory or applied a different formula in arriving at its determination. But on behalf of the Commissioner it is not admitted, or even intimated, that the formula applied by him was incorrect, or his theory a mistaken one; and for all we know, he may have been right and the Government wrong. In such circumstances, the Commissioner having exercised his judgment with full knowledge of material facts, and having received and accepted from the taxable the amount of the tax determined by him, may not nineteen months thereafter reconsider his appraisement on the sole ground that some other taxing agency, upon a different theory, has arrived at

a greater value; and it makes no difference whether the valuation eventually fixed by the Government was by way of compromise or not.

We think, under the Statute, the costs of this appeal should be borne by the State Tax Department.

The appeal is sustained and the record remanded to the State Tax Department for the elimination of the tax based upon the re-assessment of the stock of the Taylor Auto Supply Co., in accordance with this opinion.