JOHNSON, Chief Judge
(dissents);
I cannot agree with the majority opinion of this court in this case and therefore my reasons for dissenting are hereinafter given.
Chapter 192.02, Florida Statutes, F.S.A., defines real property for tax purposes as follows:
“For the purpose of taxation ‘real property’ shall be construed to include lands and all buildings, fixtures and other improvements thereon. When used in connection with taxation the terms ‘land’ and ‘real estate’ shall be construed as having the same meaning as real property above defined.”
Chapter 193.23, Florida Statutes, provides assessment of property for back taxes by the tax assessor when it appears that property has escaped taxation, and provided that such assessment may be so assessed for a period of three years next preceding the year in which it is ascertained that such tax has not been assessed.
The contention of the Tax Assessor in this case is that he intended to assess the property in question by using the broken down valuation of $177,330.00 of land without improvements and $641,140.00 for improvements, but that said evaluation had been noted on separate property cards in the Tax Assessor’s Office and that through “clerical inadvertence, oversight and error, of a wholly ministerial and administrative character” the two property record cards got separated and that the property was assessed for the year 1967 only as improved property.
I think the case of Allen v. Dickinson, etc., 223 So.2d 310 (Fla.1969) falls exactly on all fours with the case sub judice. In said Allen case supra, it appears that the tax assessor made changes in the tax bills brought on by “the failure to include a portion of the value of the improvements of said property in the mathematical computation, said value having been on the records, but excluded as a mathematical error”. The trial judge had entered a final summary judgment in favor of the taxpayers. The Second District Court of Appeal reversed and remanded and in effect held that F.S. § 192.21, F.S.A., authorized the assessor to correct any omission or commission and that the error on the part of the tax assessor falls within the provisions of said F.S. § 192.21, F.S.A.
The Supreme Court of Florida in said Allen case supra reversed the decision of the Second District Court of Appeal and cited for approval the case of Dade County v. Budd, 219 So,2d 63 (Fla.App.3rd, 1969) and agreed that the assessment change was not brought within the narrow limits of § 192.21. Speaking through Justice Drew, the Supreme Court stated that: “The alterations here attempted by the Tax Assessor were not of the purely ministerial or administrative type subject to correction under Section 192.21”.
The Fourth District Court of Appeal in the case of Okeelanta Sugar Refinery, Inc. v. Maxwell, 183 So.2d 567, defines what is means by “escaped taxation”: by holding that “only property which has ‘escaped taxation’ ” may be back-taxed under F.S.A. Section 193.23 and that once the assessor has certified the roll and tax levied thereon has been paid on a particular described property, said property cannot again be taxed for that particular year.
Florida Jurisprudence Vol. 31, in 1971 Supplement, page 23, says that any additional tax levy on property on which the assessed tax has been paid is void.
It is axiomatic that the assessor cannot pro rate on the tax roll the estimated value *771 of unimproved real estate and the estimated value in the improvements thereon separately. Under the definition of real property as provided in F.S. § 192.02, F.S.A., the term real estate shall include all buildings, fixtures and improvements thereon, therefore, that which the tax assessor attempted to do was to assess again property which had already been assessed and taxes paid upon. The property described on the 1968 roll was identical to the real property described in the 1967 tax roll as Lots 21, 22, 23, 24 and 25, Block 46, East Daytona and the 1968 roll shows “1967 IMPRO VALUE” which is a clear intention of the assessor to assess the improvements separate and apart from the real estate itself, which is not permitted under the interpretation of the Supreme Court. The fact that the assessor, for whatever reason, whether by error or mistake, the property is assessed and the roll certified and the tax actually paid, the assessor cannot undo what has been done.
In the case of Dade County v. Budd, 219 So.2d 63, the then Circuit Judge, who is now a Justice of the Florida Supreme Court, Honorable Hal Dekle, held that the evidence supporting a finding that the increase in assessment was not correction or mistake of omission or commission by assessor in making the original assessment but did represent a change in judgment by the taxing authorities. In this case the evidence shows that when an employee of the tax assessor inspected the buildings and prepared notes or data sheets, which became a part of the Assessor’s records, indicated valuation of the buildings at a higher valuation than that placed thereon by the 1965 assessment; that the notes and figures for the increased valuation of the buildings were misplaced and not used in the tax roll for 1966, because the employee who was in charge of the notes was on vacation. The taxing authority, Dade County, etc. et al., appealed from an adverse judgment to the Third District Court of Appeal, and which court affirmed, saying:
“ * * * The appellants contend that regardless of why the change was not made earlier, it was a judgment decision of the assessor to value the buildings at a higher figure, not authorized to be done after the tax roll was certified, and appellees emphasize the fact that in reporting the increase' to the commission the assessor did not classify it as a correction of an omission, but as an ‘increase’ in ■ the-assessment.”
The Attorney General of Florida, the Honorable Earl Faircloth, on July 22, 1968, gave a comprehensive opinion to the State Comptroller relative to this same case, now under consideration by this court, the sum and substance of which was that the tax assessor could not correct the 1967 assessment by increasing the assessment to account for the valuation of the improvements which had been omitted; that this constituted a reassessment and a change in evalution which could not be done. The Attorney General cited with approval the case of Hunt v. District of Columbia, 71 App.D.C. 143, 108 F.2d 10, wherein we find the following:
“In Davidson v. Franklin Ave. Inv. Co., supra [129 Minn. 87, 151 N.W. 537], the taxpayer owned improved real estate. The taxing authorities assessed the land for taxation, but omitted to assess the building. The court stated the question to be — did the auditor have power to reassess as omitted property real estate which had been assessed and on which taxes had been paid, because the property was undervalued in the years in question by failure of the assessing office to take note of the building — and answered the question in the negative, saying that it was not a case of omitted property but of undervalued property.”
For the reasons hereinabove given, I cannot agree with the majority opinion of this court.