SETH F. SWEETSIR *vs.* SOLOMON H. CHANDLER.

Cumberland.    Opinion November 24, 1903.

*Tax.*   Supplemental, how and to whom assessed.   *Money at interest.    Bonds.
Stocks.    Scrip.    Evidence.    R. S. (1883), c. 6, §§ 35, 74, par. V., 91, 92, 93.*

By an assessment of taxes dated May 31, 1902, the defendant was assessed
for specific bank stock and "money at interest" and nothing else.  The
defendant had returned no list to the assessors, and the assessment of
"money at interest" was a "doom" so-called, and, in the judgment of the
assessors, represented the amount for which the defendant was liable to be
taxed on that account.  They had no knowledge of any particular items
of money at interest.

In May, 1902, the defendant was adjudged to be of unsound mind and a
guardian was appointed.  The guardian returned to the probate court an
inventory of the defendant's estate, including bonds, and stocks and
scrip, other than bank stock, all of which were unknown to the assessors
at the time of the original assessment.  Subsequently the assessors, by
supplemental assessment, assessed to the defendant the bonds and stock
thus returned.

Suit being brought to recover the supplemental tax, *it is held :—*

1.   To sustain the validity of a supplemental assessment, it must appear
that the items of property assessed were not assessed in the original assess-
ment, and that they were omitted by mistake.

2.   In determining what was assessed in the original assessment, the court is
controlled by the assessment itself.   That cannot be modified or limited by
evidence aliunde.

3.   A bond, as commercially known, is an interest-bearing obligation to pay
money.   It represents, and is the evidence of, an indebtedness.   In the
hands of a purchaser, it represents money at interest.

4.   The phrase "money at interest" includes all forms of interest bearing
securities, whether represented by bonds, notes or otherwise, unless the
contrary appears from the assessment itself.

5.   It does not appear from the original assessment in this case that bonds
were not included in it.   The assessment was clearly intended as a "doom"
to cover all money at interest.

6.   Assessors cannot cure an error in the amount of an assessment of money
at interest, by securing a revaluation thereof through a supplemental
assessment, even though their error arose from their ignorance of the
specific kinds of securities in which the money at interest was invested.

7. The supplemental assessment of the bonds was invalid, and the tax thereon not recoverable.

8. The stock and scrip assessed in the supplemental assessment were not included in the original assessment, but were clearly omitted by mistake. Such supplemental tax is valid and recoverable.

9. Corporation stock and scrip are not "money at interest." Stock is the stockholder's proportionate right in the corporation itself, his right to have the corporate purposes carried out, his right to profits, if any, and to a proportionate division of the assets upon dissolution. Scrip is the certificate, or evidence, of the right to obtain shares in a corporation.

10. A supplemental assessment may be laid on property omitted by mistake in the original assessment, even though it may result in raising more money than was voted to be raised, at any meeting of the town.

11. A supplemental assessment must be made to the same person as the original assessment was properly made to. It must be made to him who was the owner April 1, and not to a guardian subsequently appointed.

Exceptions by plaintiff and defendant.    Overruled.

### PLAINTIFF'S EXCEPTIONS.

This was an action of debt brought under sec. 141 of chap. 6, of the Revised Statutes of Maine, for the collection of a supplemental tax assessed by the proper authorities of the town of New Gloucester against the defendant, Solomon H. Chandler, for the municipal year, 1902, as of April 1st of that year, in accordance with sec. 35 of said chap. 6, the writ bearing date of March 23rd, 1903.    Plea of general issue.

At the hearing before the presiding justice, without the intervention of a jury, the right of exception being reserved, it was proved and no contention made but that:—

*First*,—The annual town meeting of the inhabitants of the town of New Gloucester held March 10th, 1902, was a legal town meeting, duly called and notified;

*Second*,—The town clerk, the tax collector and the three assessors were duly elected to, and legally qualified for, their respective offices;

*Third*,—The assessors gave due notice to the inhabitants of the said town of New Gloucester to bring in true and perfect lists of their polls and estates, both real and personal, of which they were

possessed on the first day of April, and the defendant, Solomon H. Chandler, failed to bring in any list;

*Fourth,* — The invoice, valuation and lists of assessments signed by the assessors on the 31st day of May, 1902, as of April 1st, 1902, a record of which is deposited in said assessor's office, and which is termed "the original list and assessment" is correct and in conformity to the statute requirement;

*Fifth,* — The rate of taxation in and for the town of New Gloucester for the municipal year of 1902 was .01525 on $1.00;

*Sixth,* — The whole amount of tax raised by vote of the voters of New Gloucester at the annual town meeting March 10th, 1902, and at adjourned meeting March 29th, 1902, was $12,019.00.

| | |
|---|---:|
| Overlay added by assessors | 503.72 |
| Amount of State Tax for year 1902 | 2,808.25 |
| Amount of County " " " | 1,120.09 |
| | $16,451.06 |

which total sum, viz: $16,451.06, was assessed to the tax payers of New Gloucester in the original lists and assessment of May 31, 1902;

*Seventh,* — The assessors "doomed" the defendant, and the tax assessed to the defendant was duly and legally demanded and paid;

*Eighth,* — The said assessors on the 27th day of December, 1902, in accordance with said sec. 35 of chap. 6, R. S. assessed a supplemental tax to the said defendant upon certain property which they claimed to have been omitted by mistake from their original invoice and valuation and list of assessments as of April 1st, 1902, and bearing date of May 31st, 1902, and a list of said property particularly specifying the items thereof and the assessment thereon was entered upon the assessors' record before mentioned together with a certificate under their hands certifying that the property thus listed was omitted by mistake from the original invoice, valuation and list of assessments of May 31st, 1902;

*Ninth,* — The supplemental list, assessment and certificate were correct and in conformity to the statute requirement;

*Tenth,*—The property aforesaid claimed to have been omitted by mistake from the original invoice, valuation and list of assessments was in the form of negotiable bonds, shares of stock, and scrip for stock, and it was admitted without controversy that the said bonds, shares of stock, and scrip for stock were in the possession of the defendant on the 1st day of April, 1902;

*Eleventh,*—The assessors committed a perfect list of this supplemental tax together with a certificate correct in form, and according to the statute requirement to Seth F. Sweetsir, collector of taxes in and for said town of New Gloucester, duly elected and legally qualified as aforesaid, and said collector made due and legal demand before this suit was brought for the payment of said supplemental tax and the payment was refused;

*Twelfth,*—The defendant, Solomon H. Chandler, was declared of unsound mind by Hon. Charles P. Mattocks, Judge of the Probate Court in and for the County of Cumberland, on the 20th day of May, 1902, and John W. True was duly appointed his guardian, accepted the trust and gave bonds for the faithful discharge thereof, and as such guardian, received into his possession the bonds, shares of stock and scrip for stock included in the aforesaid supplemental tax, and which were in the possession of the defendant on the said 1st day of April, 1902.

A copy of the record of the assessors before mentioned so far as it relates to the original tax assessed to the defendant on May 31st, 1902, a copy of the said record, so far as it relates to the supplemental tax assessed to the defendant on December 27th, 1902, a copy of the pocket valuation book, belonging to Charles P. Bennett, so far as it relates to the taxation of the said defendant, and a copy of the declaration in this suit, were made a part of the bill of exceptions.

The testimony of the three assessors given at the hearing was made a part of the bill of exceptions, but is not reported here.

Upon the facts not in controversy stated in the bill of exceptions and the testimony of the three assessors the presiding justice rendered the following judgment, viz:—

"In this case I find on hearing that the town of New Gloucester

assessed taxes on April 1, 1902, to said Chandler upon money at interest the amount doomed by the assessors, Chandler not having brought in any list of his estate, which tax has been paid.

In December following the assessors made a supplemental tax to Chandler upon certain bonds which he owned on the preceding April, and also upon stock in railroad and other companies and scrip for stock, in all amounting to $53,515, the tax thereon being $816.09. Demand was made for payment on January 29th, 1903.

I rule that the doom of money at interest applied to the bonds, and the supplemental tax upon these is invalid, but that the tax on the stocks and scrip is valid, and being valued and assessed separately, can be enforced and are recoverable in this suit. I accordingly decide that judgment be rendered for the plaintiff in the sum of $816.09, and interest thereon from January 29, 1903, the date of the demand."

And to which judgment wherein the presiding justice decided and ruled that "the doom of money at interest applied to the bonds, and the supplemental tax upon these is invalid" the plaintiff took exceptions.

The defendant also took exceptions to that part of the judgment and decision of the presiding justice in which he ruled "that the tax on the stocks and scrip is valid, and being valued and assessed separately, can be enforced, etc.

*G. H. Sturgis and Enoch Foster,* for plaintiff.

*W. K. and A. E. Neal,* for defendant.

SITTING: EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

SAVAGE, J. Action of debt by a collector for taxes assessed by a supplemental assessment.

It appears that the town of New Gloucester at its annual meeting in March 1902 voted to raise by taxation the sum of $12,019. To this the assessors added an overlay of $503.72. The amount of the state tax was $2,808.25, and of the county tax $1,120.09. And the total sum, $16,451.06 was legally assessed to the tax payers by the duly elected and qualified assessors for the year 1902. The

assessors seasonably gave notice in writing to the inhabitants of the town to make and bring in true and perfect lists of all their polls and estates, of which they were possessed on the first day of April of that year. R. S. (1883) c. 6, § 92. Solomon H. Chandler, the defendant, a resident of the town failed to bring in any list, whereupon the assessors assessed him for 92 shares of national bank stock, which was returned to them by banks in accordance with the statute, in the sum of $8,875, and for "money at interest in excess of debts" in the sum of $321,350. The assessment of the "money at interest" was a "doom" so-called. The assessors had no knowledge of any particular items of money at interest, but the assessment represented their judgment of the amount for which the defendant was liable to be taxed, on that account. No other property was assessed. The invoice, valuation and list of assessments were signed by the assessors May 31, 1902, as of April 1, 1902. The tax thus assessed has been paid.

On May 20, 1902, the defendant was adjudged to be of unsound mind by the probate court for Cumberland County, and John W. True was appointed his guardian. The guardian then filed an inventory in the probate court, in which were returned sundry railroad, water, municipal and other bonds, and railroad, water, and other stocks and scrip, amounting in all to $551,586, all of which it is admitted were possessed by the defendant on April 1, 1902, and were liable to taxation. Of these bonds, stock and scrip, the assessors had no knowledge, until after the original assessment was made and committed, although when they made that assessment, they undoubtedly had in mind the reputed large wealth of Mr. Chandler, which it now appears was made up of these bonds and stocks.

On December 27, 1902, in accordance with R. S. (1883), c. 6, § 35, the assessors assessed a supplemental tax to the defendant upon the specific items of bonds, stock and scrip, which had been returned by the guardian in his inventory, certifying in the assessment and in the subsequent commitment thereof to the collector, that the property thus assessed had been omitted by mistake from the original invoice, valuation and list of assessments of May 31, 1902. The last assess-

ment was duly committed to the plaintiff as collector. He made legal demand before suit was brought and payment was refused.

This case was heard at nisi prius by the court without a jury, with the right of exceptions. The presiding justice ruled that the assessment or "doom" of money at interest applied to the bonds assessed in the supplemental assessment, and that the supplemental tax upon these was invalid, but that the tax on the stocks and scrip was valid, and being valued and assessed separately, could be enforced, and was recoverable in this suit, and rendered judgment accordingly. Both parties excepted.

I. The plaintiff excepts to so much of the ruling as holds that "the doom of money at interest applied to the bonds and the supplemental tax upon these is invalid." We do not understand the plaintiff to deny that in its ordinary commercial sense the term "bond" signifies an obligation to pay money. Such a bond contains a promise to pay money, usually to bearer, and hence is negotiable and is transferable by delivery. *Lane* v. *Embden*, 72 Maine, 354. It performs the office of a promissory note. It represents, and is the evidence of, an indebtedness. Its coupons represent the instalments of interest as they become due. The person or corporation issuing the bonds is a borrower, and the purchaser is a lender. The bond purchased has no greater value than a piece of paper except as evidence of the loan and as the means to secure its payment when due. When due the debtor does not buy back the bond, but does pay the debt. Such is the ordinary significance of the term "bonds" when applied to securities such as were assessed in this supplemental assessment as "bonds", and such is its significance with reference to such bonds, when they are assessed for taxes.

Nevertheless the plaintiff claims that in this case, although money at interest was assessed originally, these bonds were not assessed. The assessors testify that the $321,350 assessed as upon money at interest was for money at interest on mortgages and notes as they understood it, that they did not know that Mr. Chandler owned any bonds or stocks, and that they did not intend to include and did not include any bonds or stocks in the item for money at interest. They point out that on the assessment sheet there was a column for Bonds

Stocks; that in that column they placed the bank stock which they assessed, and that they intended to include in that part of the assessment all bonds and stocks of the defendant, that it did include all the stocks that they knew about and included no bonds specifically. because they knew of none.

To sustain the validity of a supplemental assessment it must appear that the items of property assessed were not assessed in the original assessment. It must appear that the property itself had not been assessed at all, and that it had been omitted by mistake. It is not sufficient that the assesssors through lack of information or otherwise have erred in their judgment of the quantity, quality or value of the thing assessed. *Dresden* v. *Bridge,* 90 Maine, 489. If the assessors have once assessed that property, that assessment cannot be revised by a supplemental assessment.

And in determining what was assessed in the first place, we must be governed not by what the assessors intended to do, nor by what they thought they did do, but by what they did do. And in determining what was done by them we are controlled by the official record of their doings, that is by the assessment itself. The assessment cannot be modified or limited by evidence aliunde. This record shows that money at interest was assesssed, and we think such an expression was broad enough to cover all forms of interest-bearing securities, whether represented by notes or bonds or otherwise. And further we hold that all such securities must be deemed to be covered by the phrase, money at interest, unless the contrary appears from the assessment itself. If the assessors have erred in determining the amount of money at interest, they cannot cure their error by securing a revaluation through a supplemental assessment, even though their error arose from their ignorance of the specific kinds of securities in which the money at interest was invested.

But the plaintiff claims that the original assessment here does show that "bonds" were not included in the money at interest. The assessment sheet was ruled into columns. One column was headed by the words STOCKS BONDS, another by the words, MONEY AT INTEREST. And it is argued that because the word Bonds is placed at the head of a column, distinct from a column headed by

the words Money at Interest, it must be held that the assessors did not intend to include, and did not include bonds under the assessment of money at interest. We do not think this conclusion follows. However the columns were headed, it was competent for the assessors to assess bonds separately from other items of money at interest, as perhaps they would have done had they known of them; or they might assess them collectively as money at interest. In this case as to bonds they did neither. They did not attempt to assess by items of any kind, or to exclude any items from any particular class. They "doomed" the defendant. They made no assessment for bonds, in the appropriate column, but they assessed such a lump sum in the column for money at interest, as in their judgment the defendant was liable to be taxed for. R. S. (1883), c. 6, § 93. And that covered undisclosed bonds. Having done so, they could not afterwards by supplemental assessment assess particular items which were covered by the terms of the original assessment. The ruling of the justice at nisi prius in this particular was therefore right, and the plaintiff's exceptions must be overruled.

II. But the defendant does not admit that any portion of the supplemental tax is recoverable, and he excepts to the ruling, "that the tax on the stock and scrip is valid, and being valued and assessed separately can be enforced and is recoverable in this suit."

The defendant contends, in the first place, that the full amount of the money which the voters of New Gloucester voted at the annual meeting to raise was assessed in the original assessment, and that by the payment of the original tax assessed against him, he has paid his full share thereof; and further that the assessment of a supplemental tax under such circumstances would be in violation of R. S. (1883), c. 6, § 91, which provides that "no assessment of a tax by a town or parish is legal, unless the sum assessed is raised by vote of the voters, at a meeting legally called and notified." Such an objection as this would apply to all supplemental assessments. And yet the statute elsewhere expressly provides for them. R. S. (1883), c. 6, § 35. Taking both of these statutory provisions together, it is evident that the provisions of section 91 were not intended to apply to supple-

mental assessments, but to original ones, and that a supplemental assessment may be laid on property omitted by mistake in the original assessment, even though it may result in a surplus in the town treasury.

Again, it is contended that the supplemental assessment should have been made to the guardian of Mr. Chandler, and not to himself, under R. S. (1883), c. 6, § 14, paragraph V, which provides that "the personal property of all other persons (than minors) under guardianship, shall be assessed to the guardian in the town where the ward is an inhabitant." We do not think so. The original assessment, though dated May 31, was made as of April 1, 1902. On April 1 Solomon H. Chandler was sui juris. He had no guardian. The assessment of that date was made to him. It could have been made to no other. A supplemental assessment is a part of the original, an amendment of it—a supplement to it. *Bangor* v. *Lancey*, 21 Maine, 472. Like the original it must be made as of April 1, and we think it must be made to the same person as it would have been if it had been made on April 1. The authorities relied on as showing the contrary do not do so in fact. In *Fairfield* v. *Woodman*, 76 Maine, 550, and *Dresden* v. *Bridge*, 90 Maine, 489, the representative parties to whom taxes should have been assessed were appointed and qualified prior to April 1 of the years when the taxes in question were assessed. Not so here.

And lastly, the learned counsel for the defendant suggest that if "bonds" are money at interest, stocks may also be so regarded, and if so, that they were covered by the original assessment of money at interest. This suggestion cannot prevail. The distinction between stocks and bonds is essential and vital. We have already considered bonds. Stock, in corporation law, instead of being the evidence of indebtedness, is a right to partake according to the party's subscription or ownership, of the surplus profits obtained from the use and disposal of the property of the corporation. Angell and Ames on Corporations, § 557. A share of stock is the interest which the shareholder has in the corporation, which is the right to participate in the profits of the corporation, and, upon its dissolution, in the division of its assets. *Burrall* v. *Bushwick R. R. Co.*, 75 N. Y. 211. The

stockholders do not own the corporate property. The corporation owns the property, but in a broad sense, the stockholders own the corporation. And without too much refining, to assess stock is to assess the stockholders' proportionate right in the corporation itself, his right to have the corporate purposes carried out, his right to profits, if any, and to a proportionate division of the assets upon dissolution. This differs toto coelo from money at interest. These observations apply equally to scrip, which in corporation parlance is the certificate, or evidence, of the right to obtain shares in a corporation. It follows, therefore, that the defendant can take nothing by his exceptions.

*Both bills of exceptions overruled.*