1998 ME 66

**S.D. WARREN COMPANY**

v.

**TOWN OF STANDISH, et al.**

Supreme Judicial Court of Maine.

Argued March 4, 1998
Decided March 26, 1998.

Michael S. Wilson, Pierce Atwood, Portland, for plaintiff.

William H. Dale, Jensen, Baird, Gardner & Henry, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] The Town of Standish and its Tax Assessor, William H. Kirk, (collectively, "the Town") appeal from a summary judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) in favor of S.D. Warren Company. The Town contends that the court lacked authority to entertain S.D. Warren's declaratory judgment action and that the existence of a genuine issue of material fact precluded the court from granting a summary judgment. We disagree and affirm the summary judgment.

I.

[¶ 2] S.D. Warren owns and operates a hydroelectric facility, the Eel Weir Station, located in the town of Standish. The Eel Weir Station is depicted on Standish's Tax Map 20 as lots 41, 42, 43, and 44. The Eel Weir Station generates electricity by using water from Sebago Lake to turn turbines, which then turn generators. The Eel Weir Canal traverses lots 41, 42, 43, and 44, acting "as a conduit to funnel the water" from the dam to the turbines.

[¶ 3] On August 30, 1996, Standish's Tax Assessor, William Kirk, after he examined Eel Weir Station's property record cards and observed that the cards did not mention the canal or any water rights, issued supplemental tax assessments on lot 44 for tax years 1993–95. The Town concedes that the property record card for lot 44 is missing. Although an assessed value for lot 44 appears in the Town's tax commitment book, Kirk determined that this value only represented the lot's land value. Kirk admitted that his decision to attach the supplemental assessments on the canal to lot 44 was random and that he could have attached the supplemental assessments to any of the lots owned by S.D. Warren.

[¶ 4] Victor Mee, who served as Standish's tax assessor prior to Kirk and who assessed the Eel Weir Station during the tax years at issue, explained that he employed an income approach to value the Eel Weir Sta-

tion. Mee identified the property necessary to produce that electricity (i.e., the property included in the lot 43 assessment) as the station's generators and turbines. Mee also testified, however, that he assessed the value of lot 42 at approximately twenty-five percent of the assessed value of lot 43 because he "attributed approximately 25 percent of the value of the power plant to the head-works, the dam, the gates and the screens that are shown on Map 20, Lot 42." Although he admitted that the canal "acts as a conduit to funnel the water to the turbines," he stated that he did not consider the canal to be necessary to produce electricity. By contrast, Kirk testified that the Eel Weir Station could not generate electricity without the canal.

[¶ 5] S.D. Warren initiated this action, seeking: (i) a declaratory judgment that the supplemental tax assessments for tax years 1993–95 are void and invalid; (ii) an abatement of those supplemental tax assessments; and (iii) a refund of all monies paid by S.D. Warren to satisfy those supplemental tax assessments. The Town moved for a summary judgment, arguing that S.D. Warren's failure to apply for an administrative abatement precludes it from seeking a declaratory judgment. S.D. Warren also moved for a summary judgment, contending that because the canal was not omitted from the original tax assessments, Kirk lacked the authority to assess that property supplementally.

[¶ 6] The Superior Court concluded that it had jurisdiction to entertain S.D. Warren's declaratory judgment action. The court then determined that this case was appropriate for a summary judgment, reasoning: "the record of the prior assessment itself, having been fully presented to the court, is not in dispute." The court found that lots 42 and 43 were assessed using an income approach and that lot 44 "apparently was only assessed as to the value of the land." The court determined that the canal was "a part of the entire structure leading to the income producing capacity of the plant which was valued in its entirety in lot 43's assessment," that the plant could not operate without the canal, and that the assessor's use of an income approach necessarily implied that the value

of the canal was subsumed in the value attributed to lot 43. The court entered a summary judgment in favor of S.D. Warren. This appeal followed.

## II.

[¶ 7] We reject the Town's contention that the Superior Court lacked the authority to entertain S.D. Warren's declaratory judgment action. The Town argues that S.D. Warren was compelled to challenge the supplemental assessments through the administrative abatement process and that S.D. Warren's failure to file a timely abatement application precludes it from obtaining relief. This argument misperceives the nature of S.D. Warren's challenge.

[¶ 8] S.D. Warren asserts that Kirk was without authority to assess the canal supplementally, in any amount, because the canal was not omitted from the original assessments on the Eel Weir Station. We have stated:

> [t]o sustain the validity of a supplemental assessment it must appear that the items of property assessed were not assessed in the original assessment. It must appear that the property itself had not been assessed at all, and that it had been omitted by mistake. It is not sufficient that the assessors through lack of information or otherwise have erred in their judgment of the quantity, quality or value of the thing assessed. If the assessors have once assessed that property, that assessment cannot be revised by a supplemental assessment.

*Sweetsir v. Chandler,* 98 Me. 145, 152, 56 A. 584, 586 (1903). We are unpersuaded by the Town's attempt to characterize S.D. Warren's challenge to the Town's *authority* to impose supplemental assessments on the canal as a challenge to the aggregate amount of assessments imposed on the Eel Weir Station. S.D. Warren seeks a declaration that the canal was not omitted from the original assessments for tax years 1993–95. If the canal in fact was not omitted, then the entire supplemental assessments—irrespective of

their amounts—are void. As we stated in *Berry v. Daigle,*

> [r]emedy by application for abatement of taxes is not available where an entire assessment is alleged to be void or the taxing authority is challenged as invalid. The abatement remedy is available only for overtaxation obtained by the operation of a lawful tax. Where property assessed was overvalued or an assessment of property was discriminatorily excessive, recourse by application for abatement to the tax assessor is the proper and logical means to achieve a reconsideration of the assessor's prior determination. ...
>
> Where a petitioner seeks to recover moneys paid for an allegedly unlawful and therefore invalid tax, he may not proceed by an action for abatement of the tax, which is available only to consider the excessive imposition of an otherwise lawful tax.

322 A.2d 320, 324 (Me.1974) (citations omitted). The gravamen of S.D. Warren's complaint is that any supplemental assessment on the canal is void; S.D. Warren may therefore invoke the declaratory judgment authority[1] of the Superior Court.

## III.

[¶ 9] We find no error in the Superior Court's grant of a summary judgment to S.D. Warren. A party is entitled to a summary judgment if no genuine issue of material fact exists and if the party on the basis of the undisputed facts is entitled to a judgment as a matter of law. *See North East Ins. Co. v. Soucy,* 1997 ME 106, ¶ 8, 693 A.2d 1141, 1143. The Superior Court determined that the material facts of this case are not in dispute because:

> [a]lthough the statements of material fact submitted by the parties illustrate disputes as to the conclusions to be drawn from the record, the material facts upon which this court must determine whether the property was omitted from prior assessments are not controverted. That is, the record of the prior assessment itself, having been

---

1.  14 M.R.S.A. §§ 5951–5963 (1990).

fully presented to the court, is not in dispute.

This finding was not an error.

██ In *Sweetsir*, we stated:

in determining what was assessed in the first place, we must be governed not by what the assessors intended to do, nor by what they thought they did do, but by what they did do. And in determining what was done by them we are controlled by the official record of their doings, that is by the assessment itself.

98 Me. at 152, 56 A. at 586. The Town's tax commitment book and the property record cards for S.D. Warren's Standish properties constitute the entire official record of the assessors' doings in this case. This record (excepting the missing property record card for lot 44) was submitted to the Superior Court. Although the parties disagree as to how the court should have interpreted that record, the record itself is undisputed. *See Soucy*, 1997 ME 106 at ¶ 8, 693 A.2d at 1143 ("Even if the parties differ as to the legal conclusions to be drawn from the historical facts before the court, if there is no serious dispute as to what those facts are, consideration of a summary judgment is proper.").

██ [¶ 10] We review the entry of a summary judgment for an error of law. *See Soucy*, 1997 ME 106 at ¶ 8, 693 A.2d at 1143. In a declaratory judgment action, "the allocation of the burden of proof ... must be determined by reference to the substantive gravamen of the complaint. The party who asserts the affirmative of the controlling issues in the case, whether or not he is the nominal plaintiff in the action, bears the risk of non-persuasion." *Hodgdon v. Campbell*, 411 A.2d 667, 670–71 (Me.1980). The substantive gravamen of S.D. Warren's complaint is that the Town has no authority to assess the canal supplementally because the canal was not omitted from the original assessments on the Eel Weir Station. If a town concludes that its assessor failed to assess certain property and chooses to assess that property supplementally, the town bears the burden of sustaining the validity of the supplemental assessment. *See Sweetsir*, 98 Me. at 152, 56 A. at 586.

██ [¶ 11] The property record cards for lots 41, 42, and 43 do not contain any references to the canal. The property record card for lot 43, however, reflects that Mee used an income approach to compute the value of those items of property that are necessary for the Eel Weir Station to produce electricity. Since the station could not produce any electricity if the canal did not transport water from the dam to the turbines, we agree with the court's conclusion that "the power canal must have been included in the original valuation and assessment of lot 43 through the income approach." Because the undisputed record of the original assessments, even when viewed in the light most favorable to the Town, does not show that the canal was omitted, the court correctly granted a summary judgment in favor of S.D. Warren.

The entry is:

Judgment affirmed.

