1999 ME 96

**Anthony CAPODILUPO et al.**

v.

**TOWN OF BRISTOL et al.**

Supreme Judicial Court of Maine.

Argued May 5, 1999.

Decided June 24, 1999.

Jeffrey A. Thaler (orally), Gregory M. Cunningham, Robert J. Crawford, Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for plaintiffs.

Barbara T. Schneider (orally), Murray Plumb & Murray, Portland, Ervin D. Snyder, Snyder & Jumper, Wiscasset, Peter L. Murray, Portland, for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS.

RUDMAN, J.

[¶ 1] Anthony Capodilupo, Grace Wales, and Richard Chutter (collectively, "the Taxpayers") appeal from a summary judgment entered in the Superior Court (Lincoln County, *Brennan, J.*) in favor of the Town of Bristol and its Board of Selectmen/Assessors (collectively, "the Town") in the Taxpayers' action seeking a declaratory judgment. We affirm the judgment.

[¶ 2] In 1996, the Town of Bristol authorized a revaluation of the taxable real property located within the town. Thereafter, Parker Appraisal Company appraised and revalued all land and buildings within the town, including properties the Taxpayers owned. The Taxpayers sought a declaratory judgment that the Town's assessment practices: (1) illegally failed to value town properties at their just value; (2) failed to value taxable real properties at their just value or fairly apportion the tax burden; and (3) failed to conform with the standards under 36 M.R.S.A. §§ 112, 328, 330, and 331 (1990 & Supp.1998). In response, the Town requested a summary judgment in its favor on the basis that: (1) the Taxpayers were not entitled to challenge the valuation of their properties in a *declaratory judgment action* pursuant to the Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980); and (2) the Taxpayers' only recourse was through the *statutory abatement process* set forth in 36 M.R.S.A. §§ 841(1) and 844(1) (1990 & Supp.1998), with appeal to the Superior Court pursuant to M.R. Civ. P. 80B. The Superior Court declined to issue the declaratory judgment the Taxpayers sought, and granted a summary judgment in favor of the Town. This appeal followed.

[¶ 3] We review a trial court's refusal to issue a declaratory judgment for an abuse of discretion. *See Maine Cent. R.R. Co. v. Town of Dexter*, 588 A.2d 289, 293 (Me.1991); *Dodge v. Town of Norridgewock*, 577 A.2d 346, 347 (Me.1990). "The Superior Court has discretionary authority pursuant to 14 M.R.S.A. §§ 5951–[5963] and M.R. Civ. P. 57 to entertain requests for and to enter declaratory judgments in appropriate circumstances." *Maine Cent. R.R. Co.*, 588 A.2d at 293. "Generally speaking, whether a declaratory judgment should be issued rests in the sound discretion of the trial court." *Dodge*, 577 A.2d at 347 (quotations omitted). "The court should exercise its authority to issue such a. declaration only when some useful purpose will be served." *Id.*

[¶ 4] The administrative abatement process is a proper vehicle to "correct any illegality, error or irregularity in assessment." 36 M.R.S.A. § 841. An application for an administrative abatement is a proper means to obtain a remedy when the *tax assessment is excessive* (*e.g.*, the assessment was overvalued or discriminatorily excessive, but the tax was otherwise lawful). *See S.D. Warren Co. v. Town of Standish*, 1998 ME 66, ¶ 8, 708 A.2d 1019, 1021. A declaratory judgment action is a proper means to obtain a remedy when an *entire tax assessment is void* (*e.g.*, the tax itself is unlawful or the taxing authority is invalid). *See id.* The Taxpayers do not allege that the entire tax assessment is *void* due to an unlawful tax or invalid taxing authority. Rather, they claim that "the assessment process and results are so fundamentally flawed as to be illegal and void." Despite the Taxpayers' creative attempt to pursue a declaratory judgment remedy, the gravamen of

their complaint is that the valuations of their properties are *excessive*. Hence, the abatement process provided a proper means for the Taxpayers to pursue a remedy. Taxpayers may present abatement requests individually or join together for a consolidated abatement proceeding as in *City of Biddeford v. Adams*, 1999 ME 49, 727 A.2d 346. *See* 36 M.R.S.A. § 849 (1990) (providing for consolidation of tax abatement appeals). The trial court did not exceed the bounds of its discretion in declining to entertain the Taxpayers' action seeking a declaratory judgment.

The entry is:

Judgment affirmed.