STATE OF MAINE
LINCOLN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-004
EAG-LN- 10/26/2000

RICHARD CHUTTER,
    Plaintiff,

v.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

OCT 31 2000

The Inhabitants of the
TOWN OF BRISTOL, MAINE,
    Defendants.

## PROCEDURAL BACKGROUND

Richard Chutter ("Chutter") owns a parcel of land in Bristol, Maine. In 1996 the Town of Bristol ("Town") retained the services of Parker Appraisal Company ("Parker") to provide updated assessments of all taxable real property within the Town, and to provide assistance in reaching compliance with 36 M.R.S.A. § 327. Parker completed its work in 1997 by providing a Manual that was to allow the Town to fairly and accurately determine the value of any taxable piece of real property within its borders. The Manual also contained Parker's determination of the taxable value of each parcel then existing.

Starting in September 1997, the Assessors for the Town began using the Manual in issuing property tax bills. After reviewing his tax bill for 1997, Chutter maintained that the assment for his property was too high. Based upon that belief, he submitted a timely application for abatement of his 1997 taxes. On November 24, 1997, the Assessors denied his application. On December 31, 1997, Chutter filed a Declaratory Judgment action against the Town and its Board of

Selectmen/Assessors. That action was dismissed by order of Justice Brennan on December 2, 1998. Justice Brennan's decision was affirmed by the Law Court on June 24, 1999.

On April 10, 1998, Chutter filed an appeal with the Lincoln County Commissioners ("LCC"). The LCC determined that appeal to be untimely and dismissed it on August 4, 1998. Chutter did not file an appeal to the Superior court at that time.

Approximately five months later Chutter submitted a request for an abatement on his 1998 taxes. A hearing was held on April 12, 1999; and the Assessors denied the 1998 equest on May 6, 1999. Chutter appealed that decision to the LCC. At the hearing on October 19, 1999, Chutter requested, for the first time,that his hearing be combined with that of another taxpayer. In the alternative, he requested that the other taxpayer's case be heard first so that the parties would have the opportunity to consider the testimony of Guy Chapman, ("Chapman") an expert retained by the other taxpayer. The LCC denied the request, but continued the hearing to December 7, 1999. Chutter did not retain Chapman during that delay.

The LCC denied Chutter's appeal soon thereafter.

On February 8, 2000, Chutter filed a complaint (Review of Governmental Action pursuant to M.R. Civ. P. 80B with Independent Claims) against the Town concerning the Town's denial of his request for tax abatement for the years of 1997 and 1998. The complaint consisted of four counts.

Count I alleged that the Town Assessors' assessment methods and the

valuation of his property were arbitrary, discriminatory and in violation of Maine law because the assessments did not represent the fair market value of the property. Chutter also alleged that the Assessors denial of his 1997 and 1998 applications for tax abatement and the LCC's denial of his appeal were arbitrary, capricious, discriminatory, not supported by substantial evidence on the record and legally incorrect. Count II alleged that the Assessors' decision was void because the Town, acting through its Assessors, "consistently and continuously" was hostile, biased and prejudiced toward Chutter and engaged in inappropriate and illegal acts.

Count III alleged that the revaluation methods and techniques adopted and implemented by the Town were arbitrary, discriminatory and in violation of Title 36 M.R.S.A. §§ 112, 328, 330, 331 as well as "Chapter 208 of the Maine Rules." Count IV alleged that, through its administration of the property tax revaluation and assessment of his property, the Town deliberately discriminated against Chutter as a shore front property owner and as a nonresident, in violation of the Equal Protection and Due Process Clauses of the 14th Amendment to the United States Constitution and Article I, Section 6-A of the Maine Constitution.

On March 3, 2000, Chutter filed a motion for trial of the facts and a motion to specify the future course of proceedings pursuant to Rules 80B(d). Neither the Complaint nor the motions were properly served on the defendants until sometime in July. The late service was accepted by Justice Marsano, based in part on Mr. Chutter's decision to retain counsel.

Thereafter, on July 13, Defendant filed an objection to Chutter's motion for a

trial of the facts, a partial motion to dismiss Count I, a motion for summary judgment as to Counts II, III, and IV, and an objection to Chutter's motion to specify the future course of proceedings. On July 25, Chutter filed a motion to consolidate this case with that of *Capodilupo v. Inhabitants of the Town of Bristol.* Docket No. AP-99-002 and a motion for special assignment of this matter to the Honorable Thomas D. Warren. On July 26, the Town filed an opposition to Chutter's motion for special assignment and an opposition to Chutter's motion to consolidate.

Each of the pending motions will be discussed below.

## DISCUSSION

### A. Chutter's Motion For Trial of the Facts

Chutter moved for a trial of the facts, seeking to submit to the court the record of the proceedings of *Capodilupo v. Town of Bristol.* At the time Chutter filed his motion, that case was pending before the Lincoln County Commissioners, having been remanded by Justice Warren. The Town has objected on both procedural and substantive grounds: Chutter failed to file his motion within the period established in M.R.Civ.P. 80B(I); and he failed to provide a detailed statement in the nature of an offer of proof. Chutter has since provided the court with the transcript of the Capodilupo hearing.

The Town's objection also asserted that the substance of the expert's testimony was known to Chutter at the time of his hearing before the LCC. It maintained that Chutter's failure to call Chapman as a witness cannot be fixed at

this stage of the proceedings.

A trial of the facts is unavailable for those issues that could have been raised below concerning the substance of the case. This precludes Chutter from introducing Chapman as an expert witness for any reason except the claim of bias or prejudice.

As set forth above, Chutter has maintained that bias or prejudice were involved in the Town's assessment of his property. To the extent that either all or a portion of Mr. Chapman's testimony at the Capodilupo hearing is relevant to the issue of bias or prejudice, the parties may stipulate to its admission during the coming trial. In the alternative, Chutter may present testimony from Chapman at trial to support his assertions.

Based upon the arguments presented, and a review of the record, Chutter's motion for a Trial of the Facts is granted, with the limitation set forth above.

## B. The Town's Motion to Dismiss Portions of Count I Concerning the 1997 Tax Abatement and for Summary Judgment on Counts II, III, and IV

The Town claimed that there was "no Rule 80B appeal, much less a timely appeal," of the May 6, 1999 LCC's decision, and therefore, partial dismissal is warranted pursuant to 12(b)(1) and (6). In his opposition to the motions, Chutter agreed that he had not filed a timely appeal with respect to the 1997 assessment. Therefore, Count I of his complaint will be limited to the 1998 assessments.

With respect to Counts II, III, and IV, the Town argued that the facts and issues raised by Chutter are identical to the facts and issues raised and disposed

adversely to Chutter and Capodilupo by this court in *Capodilupo, Wales and Chutter v. Inhabitants of Bristol*, 1999 ME, 730 A.2d 1257, and therefore, are barred under the doctrine of *res judicata*.

In addition, the Town argued that 36 M.R.S.A. § 841 and 844 provide the exclusive remedy and relief that a taxpayer has for the improper assessment of real property taxes. Under those provisions, setting aside the ruling of a town's tax assessors is exclusively the province of the County Commissioners. The Town asserted that there was no basis for any independent claims, and that any of the issues raised could be addressed under the remaining portion of Count I.

Chutter argued that his independent constitutional claims alleged **intentional** acts and could only be dismissed if the alleged deprivation had been unpredictable or unforeseeable; the predeprivation procedures had been ineffective to control the Town's conduct; and the state actor's conduct had been authorized. *Krennerich v. Town of Bristol*, 943 F.Supp. 1345 (D.Me. 1996).

Generally, where state law provides an adequate redress to a plaintiff deprived of a constitutionally protected property interest, no § 1983 action will lie. *See Moreau v. Town of Turner*, 661 A.2d 677, 680 (Me. 1995)(citing *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42-43 (1st Cir. 1994)). In *Moreau*, a terminated code enforcement officer was precluded from bringing a § 1983 action by his failure to avail himself of the adequate avenue of redress provided by state law. See *Moreau*, 661 A.2d at 680.

*Moreau* is controlling in this case, as there are adequate prcedural protections

available. As the Law Court stated in what is likely to be known as "*Capodilupo I*," the administrative abatement process is a proper vehicle to "correct any illegality, error or irregularity in assessment." *Capodilupo*, 1999 ME 96, ¶ 4, 730 A.2d at 1258.

Based upon the evidence submitted, and the arguments presented, the court determines that Counts II, III and IV do not state valid independent causes of action, and grants summary judgment to the defendant thereon. However, the court specifically notes that the plaintiff shall be allowed to present his arguments concerning bias and prejudice. A trial of the facts will allow the plaintiff to present evidence on those issues within the context of an 80B appeal.

The Law Court has recently stated:

> The purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action. Rule 80B(d) is not intended to allow the reviewing court to retry the facts that were presented to the governmental decisionmaker, nor does it apply to any independent civil claims contained in the complaint. Rather, it is intended to allow the reviewing court to obtain facts *not in the record* that are necessary to the appeal before the Court.

*Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 9, 743 A.2d 237, 240-41(emphasis in original).

C. Motion to Consolidate

Chutter moved to consolidate his case with the matter of *Capodilupo v. Town of Bristol*, LIN-AP-99-002. Although these cases do have some information in common, the records below are not the same, and the allegations of bias and prejudice are not identical.

After review of both cases, the motion to consolidate for hearing is denied.

## D. Motion for Special Assignment

Chutter's motion for a special assignment of this matter to the Honorable Thomas D. Warren was denied by Justice Mead in an order dated September 8, 2000.

## E. Motion to Specify Future Course of Proceedings

Chutter moved the court on March 3, to specify the future course of proceedings pursuant to M.R.Civ.P. 80B(i). Because the court has determined that there is no independent action, this motion is denied.

## ORDER

Plaintiff's motions for a trial of the facts is granted. His motions to consolidate and to specify future course of proceedings are denied. Defendant's motion for summary judgment on Counts II, III, and IV of plaintiffs complaint and its motion to dismiss Count I as it refers to the 1997 tax bill are granted.

The Clerk is directed to incorporate this order by reference in the docket for this case.

Dated: October 26, 2000

_____
Justice, Maine Superior Court

Pltff: (775-6001)
Robert M. Hayes, Esquire

Def: (882-5500)
Ervin D. Snyder, Esquire