STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    DOCKET NO: CV-08-184
                                                    RAC-C wM- 5/16/,cuL

INHABITANTS OF THE
 TOWN OF HARPSWELL,

                Plaintiff,

                             v.

        v.
                                                    **DECLARATORY JUDGMENT**

MARK E. WALLACE,

                Defendant.


Before this Court is Plaintiff Inhabitants of the Town of Harpswell's

(Town) motion for Judgment on the Pleadings pursuant to M.R. Civ. P. 12(c) on

their Complaint for Declaratory Relief filed pursuant to M.R. Civ. P. 57.

## BACKGROUND

The question before the court is whether, under the Maine common law

doctrine of incompatibility of offices, or otherwise, Defendant Mark E. Wallace

(Mr. Wallace) may simultaneously serve as both a Town selectman and a Town

employee.

The facts in this case are undisputed. Mr. Wallace was elected to be one of

three members of the Town Board of Selectmen (Board) on March 8, 2008. At the

time of his election, Mr. Wallace was employed by the Town as one of five full-

time employees at the Town transfer station. His duties as a transfer station

attendant include the operation of heavy equipment, assisting customers in

sorting recyclables, and collecting fees. He has retained his employment

subsequent to being sworn into office as a selectman. Mr. Wallace took no oath

of office for his position at the transfer station.

1

As an employee of the Town, Mr. Wallace's position is under the exclusive power of the Board. The position is also subject to a collective bargaining agreement between the Town and the IAMAW, AFL-CIO (Union), of which Town transfer station employees are members. From February 2005 through March 10, 2008, Mr. Wallace was a representative member of the Union, participating in negotiations between the Union and the Town. He no longer holds that position. As a selectman, Mr. Wallace would determine allocations of the Town budget, including allocations for transfer station operations.

The Town does not have a charter. Nor are there any Town ordinances or personnel policies prohibiting a Town employee from serving as a selectman. A Town selectman is paid $6,000 annually as salary. The Board serves as the executive officer of the Town government.

## DISCUSSION

### I. Standard of Review Declaratory Judgment

"Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." 14 M.R.S. § 5953 (2007). Accordingly, pursuant to 14 M.R.S.A. §§ 5951-5963 and M.R. Civ. P. 57, the Superior Court has the discretion "to entertain requests for and to enter declaratory judgments in appropriate circumstances." *Capodilupo v. Town of Bristol*, 1999 ME 96, ¶ 3, 730 A.2d 1257, 1258 (citations omitted). "The court should exercise its authority to issue such a declaration only when some useful purpose will be served." *Id.*

### II. Incompatibility of Offices

At common law, under the doctrine of the incompatibility of offices, "one person cannot hold two incompatible offices." *Howard v. Harrington*, 96 A. 769,

2

770 (Me. 1916). "The acceptance of the later office vacates ipso facto the prior one." *Id.* An office has been deemed incompatible when "the holder cannot *in every instance* discharge the duties of each (emphasis added)." *Id.* "[T]he fact that incompatibility may from time to time exist is insufficient to warrant disqualification where the duties of each office are inherently dissimilar." McQuillin, *The Law of Municipal Corporations* § 12.67 at 373 (3rd ed. 2001).

Under Maine law, certain offices have been deemed incompatible by statute. *See e.g.* 30-A M.R.S. §§ 2526 & 2632 (2007). The Town acknowledges that Mr. Warren's situation has not been barred by statute, local ordinance or charter. Accordingly, the common law would have to prohibit Mr. Warren from retaining his municipal employment concurrently with his elected office.

Though some states have extended the doctrine of the incompatibility of offices to incompatible municipal employment, Maine has not. Indeed the Law Court has stated that:

> [p]rinciples relating to incompatibility of positions as a legal concept independent of 'conflict of interests' have applicability only when each of the positions under assessment for 'incompatibility' is 'a public office.'

*Opinion of the Justices*, 330 A.2d 912, 916 (Me. 1975). Accordingly, this Court cannot declare that Mr. Wallace's concurrent employment and tenure of office are unlawful under the common law doctrine of incompatibility of offices.

Moreover, this Court does not find that Mr. Wallace's positions are inherently incompatible: that is, that they are incompatible in every instance. There is no evidence that, in every instance, Mr. Wallace's duties as a selectman will be in conflict with his position as a transfer station attendant. To the degree that they are in conflict, he has a duty to recuse himself.

3

**Therefore, the entry is:**

Defendant's municipal employment is not inherently incompatible with his duties as a selectman.

Pursuant to 14 M.R.S. § 5962, costs are awarded to Defendant.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this ___16th___ day of ___May___, 2008.

Roland A. Cole
Justice, Superior Court

4

SALLY DAGGETT ESQ
PO BOX 4510
PORTLAND ME 04112

*Plaintiff*

JAMES KATSIAFICAS ESQ
PO BOX 426
PORTLAND ME 04112

*Defendant*