MAINE SUPREME JUDICIAL COURT                        Reporter of Decisions
Decision:     2018 ME 141
Docket:       Kno-17-547
Submitted
  On Briefs:  September 26, 2018
Decided:      October 16, 2018

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

GARY SWEENEY

v.

DEPARTMENT OF CORRECTIONS

MEAD, J.

[¶1]  Gary Sweeney appeals from a judgment of the Superior Court (Knox County, *Mallonee, J.*) dismissing as untimely his petition seeking review of a rule promulgated by the Department of Corrections (DOC), which Sweeney asserts is in violation of a Maine statute and several provisions of the federal and state constitutions.  We agree with Sweeney's contention on appeal that, given the clear import of his challenge to the DOC rule, the court should have treated his petition as a complaint for declaratory judgment and allowed him to amend his petition to that effect.  Accordingly, we vacate the judgment and remand for further proceedings.

## I. BACKGROUND

[¶2]  On April 4, 2017, Sweeney, a prisoner at the Maine State Prison, brought a petition for judicial review of final agency action citing M.R. Civ. P. 80B in the Superior Court, claiming that DOC had promulgated and enforced a rule that violated 34-A M.R.S. § 3039 (2017)[1] and several provisions of the United States and Maine Constitutions.  The rule, with some exceptions not applicable to Sweeney, required any prisoner who earned money for work to have ten percent of his earnings, up to $1,000, collected and deposited into a "personal savings escrow account," to be returned to the prisoner upon his release.  1A C.M.R. 03 201 011-5 § 2.12(VI)(F) (2017) (effective Oct. 12, 2016).

[¶3]  Sweeney's petition alleged that a letter he wrote to the Commissioner asking that the rule be rescinded and that the Commissioner "return all funds" collected pursuant to the policy had gone unanswered.  The petition sought as relief "to have the policy in question, the forced savings to be declared unconstitutional as it exceeds the statutory authority of the agency," and "[t]hat the [DOC] be ordered to return the assets to the . . . prisoners."  In

---

[1] Title 34-A M.R.S. § 3039 (2017) provides, in part: "When any client confined in a correctional or detention facility receives money from any source, including compensation for work[,] . . . the money must be deposited in the department's general client account or . . . in the department's telephone call account. . . . The commissioner shall adopt rules for use of the general client account.  These rules must include a provision allowing a client to remove that client's money from the general client account and place it in any type of investment outside the facility chosen by the client."

moving to dismiss the petition pursuant to M.R. Civ. P. 12(b), DOC recognized that Sweeney was challenging enforcement of the rule as being in violation of constitutional and statutory provisions, but asserted that Sweeney had written directly to the Commissioner instead of filing a formal grievance and had therefore failed to exhaust his administrative remedies. Sweeney's opposition to the motion established that DOC was incorrect in its assertions. He had filed a grievance—before he wrote to the Commissioner—that had been dismissed as untimely by a grievance review officer at the prison.

[¶4] The court held a hearing on October 3, 2017, at which Sweeney appeared without counsel. DOC acknowledged that Sweeney had in fact filed a grievance, characterizing its dismissal by the grievance review officer as a "final agency action." DOC argued that the court lacked jurisdiction because, whether or not the dismissal of the grievance was proper, Sweeney's petition, filed on April 4, 2017, was untimely given the dismissal of the grievance on January 18, 2017.[2] When addressing another prisoner who had filed a similar

---

[2] DOC's argument was based on M.R. Civ. P. 80C(b), governing the timing of a "review of final agency action." The Rule incorporates a time limit set out in the Administrative Procedure Act: "The petition for review shall be filed within 30 days after receipt of notice [of the challenged final agency action]." 5 M.R.S. § 11002(3) (2017). The time limits established in the Act are jurisdictional. *Mutty v. Dep't of Corr.*, 2017 ME 7, ¶ 8, 153 A.3d 775. DOC has since acknowledged that the trial court had no evidence of when Sweeney received notice that his grievance had been dismissed, although it asserted at the motion hearing that the filing of his petition for judicial review was "clearly beyond the 30 days."

4

petition, which was addressed simultaneously with Sweeney's petition at the hearing, the court framed what it viewed as the threshold timeliness issue in the same way. It dismissed Sweeney's petition without reaching the merits of his statutory and constitutional arguments, ruling: "The grievance was denied. And then you didn't timely take action to challenge that. And that's where the door closes for me."

[¶5] Sweeney filed motions to reconsider, for M.R. Civ. P. 60(b) relief, and to amend his action. The Rule 60(b) motion and motion to amend stated explicitly that Sweeney sought to convert his action into a complaint for declaratory judgment. *See* 14 M.R.S. §§ 5951-5963 (2017); M.R. Civ. P. 57. DOC opposed the motions, arguing in part that a declaratory judgment action would be "futile" because Sweeney's failure to raise a timely challenge to the dismissal of his grievance constituted a failure to exhaust his administrative remedies and deprived the Superior Court of jurisdiction, thus subjecting a prospective declaratory judgment complaint to dismissal. Sweeney's response directed the court to 5 M.R.S. § 8058 (2017), which provides that "[j]udicial review of an agency rule . . . may be had by any person who is aggrieved in an action for declaratory judgment in the Superior Court."

[¶6]  The court denied the motions, and Sweeney timely appealed.  DOC subsequently moved us to vacate the trial court's judgment and remand on the ground that the record did not indicate the date that Sweeney received notice of the dismissal of his grievance by the grievance review officer, and therefore, on the authority of *Mutty v. Department of Corrections*, 2017 ME 7, 153 A.3d 775, "[t]he Superior Court's decision to dismiss the petition was not supported by the record."  We denied the motion, indicating that it was clear Sweeney was challenging the legality of the DOC rule itself, not DOC's action in denying his grievance.

## II.  DISCUSSION

[¶7]  We consider in turn whether the trial court should have (1) taken Sweeney's initial pleading as a complaint for declaratory judgment challenging the legality of the DOC rule or (2) granted Sweeney's motion to amend his action to state a complaint for declaratory judgment.

A.    Initial Pleading

[¶8]  Pursuant to the Declaratory Judgments Act, "[a]ny person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder."

6

14 M.R.S. § 5954 (2017). Specifically concerning rules promulgated by state agencies such as DOC, the Administrative Procedure Act provides that "[j]udicial review of an agency rule . . . may be had by any person who is aggrieved in an action for declaratory judgment in the Superior Court . . . . Insofar as the court finds that a rule exceeds the rule-making authority of the agency . . . it shall declare the rule invalid." 5 M.R.S. § 8058(1).

[¶9] Accordingly, "[w]hen an agency enacts a rule pursuant to its rule-making authority, persons aggrieved thereby are entitled to challenge the rule through a declaratory judgment action." *Conservation Law Found., Inc. v. Dept. of Envtl. Prot.*, 2003 ME 62, ¶ 19, 823 A.2d 551. That is the case here, where Sweeney, contending that DOC enacted a rule that violated 34-A M.R.S. § 3039(1) by denying him control of money that he earned, petitioned the Superior Court "to have the policy in question . . . declared unconstitutional as it exceeds the statutory authority of the agency."

[¶10] The court, however, disposed of Sweeney's petition as a M.R. Civ. P. 80C action,[3] dismissing it for lack of jurisdiction after finding that Sweeney had failed to timely challenge DOC's denial of his grievance. *See Mutty*, 2017 ME 7, ¶ 8, 153 A.3d 775 (stating that the time limit for filing an appeal

---

[3] The Rule governs "[a] review of final agency action." M.R. Civ. P. 80C(a).

from a final agency action is jurisdictional). That is the correct analysis "[w]hen an agency acts in its adjudicatory role and makes a decision affecting the rights, duties, or privileges of [a] specific person[]," *Conservation Law Found., Inc.*, 2003 ME 62, ¶ 19, 823 A.2d 551, but a declaratory judgment action is the appropriate vehicle when, as here, it is clear from the pleadings that the challenge is to the legality of the rule itself as opposed to the agency's application of the rule, *see id.*[4] We conclude that, given the allegations made and the relief requested in Sweeney's petition, the court erred in dismissing it for lack of jurisdiction rather than treating Sweeney's pleading as a complaint for declaratory judgment. *See Mutty*, 2017 ME 7, ¶ 9, 153 A.3d 775 ("We review de novo . . . a dismissal for lack of jurisdiction.").

B.      Motion to Amend

[¶11]  In his motions to amend and for Rule 60(b) relief following the dismissal of his initial petition, Sweeney explicitly asked the court to treat the

---

[4] *See Capodilupo v. Town of Bristol*, 1999 ME 96, ¶ 4, 730 A.2d 1257 (stating in a tax assessment case that "[a] declaratory judgment action is a proper means to obtain a remedy when an *entire tax assessment is void* (*e.g.*, the tax itself is unlawful or the taxing authority is invalid)"; *Summit Realty, Inc. v. Gipe*, 315 A.2d 428, 430 n.2 (Me. 1974) ("[T]he failure of the plaintiff to follow the procedural mandates of Rule 80B does not necessarily deprive the [c]ourt of the right to grant equitable relief, since the complaint may be considered as one for declaratory judgment."); *Katz v. Johnson*, 220 A.2d 495, 499 (Me. 1966) (stating that the Law Court would "cut through the titles of the complaint and judgment" to determine the true nature of the plaintiff's appeal), *overruled on other grounds by Katz v. State Tax Assessor*, 472 A.2d 428, 431 (Me. 1984).

8

petition as a complaint for declaratory judgment. The court found that "[Sweeney] has not presented a valid ground for relief" and denied the motions.

[¶12] As a general matter, permission to amend a complaint "shall be freely given when justice so requires." M.R. Civ. P. 15(a). Sweeney originally brought his petition pursuant to M.R. Civ. P. 80B, which provides that "[l]eave to amend pleadings shall be freely given when necessary to permit a proceeding erroneously commenced under this rule to be carried on as an ordinary civil action," i.e., a declaratory judgment action. M.R. Civ. P. 80B(a).

[¶13] "We review the denial of a motion for leave to amend for an abuse of discretion." *Paul v. Town of Liberty*, 2016 ME 173, ¶ 9, 151 A.3d 924. "On appeal, a party who was denied leave to amend must demonstrate (1) that the court clearly and manifestly abused its discretion and (2) that the amendment was necessary to prevent injustice." *Id.* (quotation marks omitted). In many cases, if not most, a party seeking to redeem an unsuccessful Rule 80B or 80C action by simply recasting it as a complaint for declaratory judgment will be unable to meet that burden. Here, however, given Sweeney's clear challenge to the legality of the DOC rule itself and not its application to his individual circumstances, we conclude that the court abused its discretion in declining to

allow Sweeney to amend his complaint and seek relief through a declaratory judgment action.

The entry is:

> Judgment vacated. Remanded with instructions to grant Sweeney's motion to amend to allow him to bring his action as a complaint for declaratory judgment.

---

Gary Sweeney, appellant pro se

Janet T. Mills, Attorney General, and James E. Fortin, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Corrections

Knox County Superior Court docket number AP-2017-11
FOR CLERK REFERENCE ONLY